STATE v. JESSE MALONEE.

(Filed 20 December, 1910.)

1. **Marriage—Seduction—Breach of Promise—Testimony of Prosecutrix—Supporting Evidence—Interpretation of Statutes.**

   The testimony of the prosecutrix, on the trial of an indictment for seduction under a promise of marriage, as to the promise, seduction, and her innocence and virtue, supported by the fact that a child was afterwards born to her, and other evidence tending to show that prior to her alleged seduction she had always been of good character, had led a blameless life, and as a schoolgirl had borne a good reputation with her teacher and schoolmates, together with the admission of the defendant that he promised to marry her before the seduction, is supporting evidence under the statute providing that the unsupported testimony of the woman shall not be sufficient to convict. Revisal, sec. 3354.

2. **Marriage—Seduction—Breach of Promise—Evidence—Time.**

   In an action for breach of promise of marriage the proof of chastity of the woman should relate to the time preceding the seduction or the date when it became known.

3. Marriage—Seduction—Breach of Promise—Engagement—Admission—Supporting Evidence.

The admission by the defendant to the brother of the prosecutrix of his engagement to be married to her is supporting evidence of the promise of marriage, and sufficient if it fully satisfies the jury of the fact.

4. Marriage—Seduction—Breach of Promise—Evidence—Causal Connection—Questions for Jury.

In the trial of an indictment for seduction under the statute, no set form of words is necessary to show the causal relation between the promise and the act of sexual intercourse; and in this case it may be inferred by the jury under evidence tending to show the reputation, innocence and virtue of the woman, the seduction under the promise, the prior intimacy and relation of the parties, the birth of the child and its resemblance to the defendant and his flight after indictment.

5. Marriage—Seduction—Breach of Promise—Instructions — Harmless Error.

In the trial of this indictment, the remarks of the court, in the charge, upon the resemblance of the child, as tending to show its paternity, may not have been consistent with perfect accuracy of expression, yet, taken in connection with what preceded and followed, did not constitute reversible error, as they were proper in order to guide the jury in correctly applying the proof.

6. Marriage—Seduction—Breach of Promise—Instructions—Weight of Evidence—Questions for Jury.

The remarks of the judge to the jury upon the flight of the defendant from the State after indictment did not constitute reversible error when considered in connection with all the evidence, as the jury should pass upon the whole evidence and decide what weight should be given the fact of flight, and to what extent the explanatory evidence affected the probative force of the flight as a fact tending to show guilt.

7. Instructions, Detached Portions—Record—Appeal and Error.

The incorrectness of a charge may not be determined on appeal from one or two detached portions excepted to, and when the entire charge is not set forth in the record, it will be assumed that it correctly stated the law of the case to the jury, in the absence of any showing to the contrary.

APPEAL by defendant from *J. S. Adams, J.*, at Spring Term, 1910, of JACKSON.

The facts are sufficiently stated in the opinion of *Mr. Justice Walker.*

*Attorney-General and George L. Jones for the State.*
*J. Frank Ray for defendant, appellant.*

WALKER, J. The defendant was indicted for the crime of seducing an innocent and virtuous woman under promise of marriage. (Revisal, sec. 3354.) The statute provides that the unsupported testimony of the woman shall not be sufficient to convict. The prosecutrix testified to the promise of marriage, the seduction, and her innocence and virtue. A child was born to her, and was eighteen months old at the time of the trial. There was evidence tending to show that prior to her alleged seduction by the defendant she had always been a woman of good character and led a blameless life, and that as a school-girl she had borne a good reputation with her teacher and school-mates. This was sufficient to constitute supporting testimony within the meaning and requirement of the statute. *S. v. Horton,* 100 N. C., 443; *S. v. Sharpe,* 132 Mo., 171; *S. v. Deitrick,* 51 Iowa, 469; *S. v. Bryan,* 34 Kan., 72; *Zabriskie v. State,* 43 N. J. Law, 644. The proof of chastity should relate to the time preceding the seduction or the date when it became known, as it is manifest that her reputation in that regard would be injuriously affected by the offense itself when revealed, and the very crime would thus become the means of protecting the criminal, and the more notorious the seduction and the more extensively her shame had been published to the world, the more certain would be the immunity from punishment. *People v. Brewer,* 27 Mich., 134. We do not see how the innocence and virtue of a woman could be shown by testimony additional to her own, unless her reputation is competent evidence for the jury to consider. It would be a negative and a fact most difficult if not impossible to establish. It is settled by the authorities that the supporting evidence need be such only as the nature of the fact required to be proved admits of being furnished. *Armstrong v. People,* 70 N. Y., 38.

There was supporting evidence as to the promise of marriage. The defendant admitted to the brother of the prosecutrix that he

was engaged to be married to her. This was sufficient if it fully satisfied the jury of the fact. *S. v. Raynor,* 145 N. C., 472; *S. v. Horton, supra; S. v. Kincaid,* 142 N. C., 657; *S. v. Ring,* 142 N. C., 596.

We said in *S. v. Ring, supra,* that it is sufficient if the jury can fairly infer from the evidence that the seduction was accomplished by reason of the promise of marriage, giving to the defendant the benefit of any reasonable doubt, and that no set form of words is necessary to show the causal relation between the promise and the act of sexual intercourse. In *Armstrong v. People, supra,* it is held that the illicit act and the immediate persuasions and inducements which led to its commission may not be susceptible of proof by the evidence of third persons directly to the facts. They are to be inferred from the facts and circumstances of the case. So in this case we have as proof of the several elements of the crime—that is, the innocence and virtue of the woman and the seduction under the promise of marriage—the reputation of the prosecutrix, the intimate association and relation of the parties, the admission of the defendant that he had promised to marry the prosecutrix, the birth of the child and its resemblance to the defendant, if upon its exhibition to them the jury found there was such a likeness (*S. v. Horton, supra*), and the flight of the defendant to another State after the indictment had been returned against him. The resemblance of the child to the defendant tended only to prove the sexual intimacy and not the promise of marriage, but it was a circumstance which the jury had the right to consider with reference to the fact it tended to establish, and the court instructed them properly as to its bearing. The reference by the court to the resemblance as tending to show the paternity of the child, which is criticised by the defendant's counsel, may not have been consistent with perfect accuracy of expression, but it appears to have been intended, when read in connection with what preceded and followed, to guide the jury in correctly applying the proof. The same may be said as to the flight of the defendant. While it is true, as contended by the defendant's counsel, that it was a circumstance from which, in connection with other circumstances, the jury might draw an inference of

conscious guilt unless explained (12 Cyc., 610), the whole matter is for them to pass upon, and they must decide what weight they will give to the fact of flight, and if there was explanatory evidence, to what extent it affects the probative force of the flight as a fact tending to show guilt. The entire charge is not set forth in the record, and we must assume, therefore, that it correctly stated the law of the case to the jury, in the absence of any showing to the contrary. We cannot condemn it by what was said in one or two detached portions, even if they are erroneous, because they may have been explained and corrected in other parts of the charge. *S. v. Kinsauls,* 126 N. C., 1097.

A careful examination of the evidence, the charge of the court, and incidents of the trial does not disclose any error of which the defendant can justly complain.

No error.