CLARK, C. J., concurring. *Page 1027 
Defendant was convicted and appealed.
The defendant was indicted for the seduction of an innocent and virtuous woman under a promise of marriage. Revisal, sec. 3354.
The statute provides that the "unsupported testimony" of the woman shall not be sufficient to convict.
There are three essential elements of this crime: first, the seduction; second, the innocence and virtuousness of the woman; third, the promise of marriage inducing consent of the woman to the sexual act. S. v. Pace,159 N.C. 462; S. v. Cline, 170 N.C. 751. The prosecutrix testified to the defendant's promise of marriage; that she was persuaded by it to have sexual intercourse with him, and that she was a virtuous and innocent woman, never having committed the act with any other man.
First. As to her virtue and innocence there was supporting testimony, as the State called witnesses who stated that the character of the prosecutrix had always been good prior to this occurrence. We have held this to be sufficient as supporting testimony within the meaning of the statute. S. v.Mallonee, 154 N.C. 200; S. v. Horton, 100 N.C. 443; S. v. Cline, supra; S.v. Sharpe, 132 Mo., 171; S. v. Deitrick, 51 Iowa 469; S. v. Bryan,34 Kan. 72; Zabriskie v. State, 43 N.J. L., 644.
Second. The seduction was shown both by the testimony of the prosecutrix and the admission of the defendant and by the circumstances otherwise appearing in the case.
Third. This brings us to a consideration of the main contention of the defendant's counsel, that there is no supporting testimony as to the promise of marriage.
It must be borne in mind that we are not passing upon the weight or strength of the evidence in any of these instances, but only upon the question whether there is any testimony which is supporting in the sense of that word as used in the statute. We are of the opinion that there is, and however unconvincing or inconclusive it may be, it was for the jury to determine its weight.
There was testimony in the case outside of the prosecutor's, that is, her father's and her mother's, that the defendant had been attentive to her for several years, coming to see her constantly for three years. The mother testified: "He had been going with her (Clara Moss) for about three years. He came nearly every Sunday and would stay all *Page 1028 
(969) day. He would leave in the evening or at night, and would generally leave about dark or a little before." The prosecutrix had testified that she was about 17 years old when defendant first courted her, which was about one year and eight months before their first sexual act was committed, this being in September, 1913. That she then yielded to the defendant's persuasion when he appealed to her, on the faith of his promise of marriage and as her lover, to submit to his embraces. Her child was born in June, 1914. Defendant's attentions to the prosecutrix lasted about three years and during that period he was frequently a visitor at her home and evinced a decided partiality for her, as the evidence, apart from hers, tended to show. In a case not unlike this one, though the supporting evidence was not so strong as that we have here, the Court held that under the statute of that State the promise of marriage and the carnal connection were the essential facts to be shown (citing cases), and with reference to the kind of proof, which was supporting, within the meaning of the statute, and tended to establish those two essential facts, the court said in Armstrong v. People, 70 N.Y. 38,44: "It is settled by the same authorities that the supporting evidence need be such only as the character of these matters admits of being furnished. The promise of marriage is not an agreement usually made in the presence or with the knowledge of third persons. Hence the supporting evidence possible in most cases is the subsequent admission or declaration of the party making it; or the circumstances which usually accompany the existence of an engagement of marriage, such as exclusive attention to the female on the part of the male, the seeking and keeping her society in preference to that of others of her sex, and all those facts of behavior towards her which before parties to an action were admitted as witnesses in it were given to a jury as proper matter for their consideration on that issue. So, too, the act of illicit connection, and the immediate persuasions and inducements which led to compliance, may not be proved by the evidence of third persons directly to that fact. They are to be inferred from the facts; that the man, had the opportunities, more or less frequent and continued, of making the advances and the proposition; and that the relations of the parties were such as that there was likely to be that confidence on the part of the woman in the asseverations of devotion on the part of the man, and that affection towards him personally, which would overcome the reluctance on her part, so long instilled as to have become natural, to surrender her chastity. Circumstances of this kind vary in weight in different cases, and it is for the jury to determine their strength. But when proof is made of the existence of them, in some degree, it cannot be said that there is no supporting evidence. A court cannot then properly direct a verdict, or discharge the defendant in the indictment, on the ground that no case is made for *Page 1029 
the consideration of the jury. In the case in hand there was evidence of the existence of both these classes of circumstances, furnished (970) by witnesses other than the prosecutrix." There was a dissenting opinion as to the sufficiency of the evidence to show the seduction, but it did not extend to the proof as to the promise of marriage. To the same effect as Armstrong v. People are the following cases: Peoplev. Gumaer, 80 Hun., 78 (s. c., 30 N.Y., Suppl., 17); S. v. Mulholland,115 Iowa 170; S. v. McCaskey, 104 Mo., 644, citing S. v. Hill,91 Mo., 423; S. v. Wycoff, 113 Iowa 679; People v. Hubbard, 92 Mich. 322;S. v. Sharp, 132 Mo., 165. In S. v. Whatley, 144 Ala. 68, the Court said: "It was proper to permit the State to show how long the defendant kept company with the witness. He was charged with having seduced her upon a promise of marriage, and their relationship and conduct toward each other was a proper element for the consideration of the jury." It appeared in S. v. Hill, supra, that the defendant had been waiting on the prosecutrix three or four years; that he and another had an oyster supper at her home; that she and defendant were in the kitchen together at night, after her parents had retired, and that defendant had been at the house several times previous to these occasions, and had paid her some attention on other occasions. The Court held with reference to these facts: "The prosecuting witness swears positively to a marriage promise made by defendant on the night they were in the kitchen; and we think the foregoing evidence is sufficient by way of corroborating circumstances. It is true, the visits of defendant were not frequent, and this evidence may all be true, and there have been no promise made to marry the girl, but the circumstances are such as usually attend such engagements. Whether they and the testimony of the prosecuting witness outweighed the positive denial of the defendant was a question for the jury to determine." And it was held in S. v.Reinheimer, 109 Iowa 624, that in a prosecution for seduction the fact that the parties kept company and acted as lovers usually do, and other like circumstances, are sufficient confirmation and support of the evidence of the prosecutrix required by the statute. The general principle is thus well stated in S. v. Timmens, 4 Minn. 241, 247: "It cannot be intended that by being corroborated the statute means that there shall be proof of these facts sufficient in itself to establish them independently of the testimony of the girl, as that would render the statute practically null. Parties seldom seek publicity in such matters. From their nature they transpire in secret, and it is only by accident that any positive proof can ever be brought to bear upon them except through the parties themselves. The corroboration, therefore, intended by the statute is proof of those circumstances which usually form the concomitants of the main fact sought to be established, which circumstances should be sufficiently strong *Page 1030 
in themselves, and pertinent in their bearing upon the case, to (971) satisfy the jury of the truthfulness of the witness in her testimony on the principal facts." The Court held in S. v. Andre, 5 Iowa 389, that regular and frequent visits of the defendant to the female, and his being alone with her at late hours of the right, and other equally significant facts, might be shown in support of her testimony in a prosecution of this kind. It is said in Underhill on Criminal Evidence, sec. 388, that "The conduct and relations of the parties after, as well as before, the date of the alleged seduction may be shown, such evidence being relevant to prove that consent was obtained by promise and inducements, and of what they consisted." Finally, in S. v. Curran, 51 Iowa 112,118, the Court, referring to this question, held: "The evidence relied upon as corroborative is that the defendant was the prosecutrix's suitor through a long period of time. Such fact, considered independently, would be entirely consistent with the defendant's innocence. He claims, therefore, that it does not tend to connect him with the offense. In our opinion, the position is not well taken. In Stevenson v. Belknap,6 Iowa 97 (103), the Court said: `We believe that all authorities concur that seduction is generally made out by a train of circumstances, among which may be enumerated courtship, or continued attention for a length of time.' See, also, S. v. Wells, 48 Iowa 671. Courtship affords not simply the opportunity, but the very means of persuasion by which seduction is effected. The testimony of the prosecutrix is sufficient to establish the fact of seduction. It is competent, though not sufficient, evidence that the defendant was her seducer. The fact that he was her suitor, proven otherwise than by her own testimony, tends to make credible her testimony that her proven seduction was effected by him. The corroboration, while by no means conclusive, must impress every one who has any knowledge of human nature as exceedingly cogent." (See, also, McClean Cr. Law, sec. 119). But evidence of this character should not be considered as supporting unless the relations and the conduct and demeanor of the parties toward each other are such as to indicate that the man is the accepted lover of the woman, and the jury must find the fact whether, upon such evidence as supporting that of the prosecutrix, the promise of marriage was given and induced the seduction.
The prosecutrix told her mother and father of the promise of marriage, and this, we have held, is corroboration of her as a witness. S. v.Whitley, 141 N.C. 823; S. v. Kincaid, 142 N.C. 657; S. v. Raynor,145 N.C. 472. It is not by itself supporting testimony, as it emanates from the prosecutrix herself, but it is corroborative as in other cases.
We have carefully examined the charge of the court, and find that it states the law as declared by this Court and as applicable to the case.
No error. *Page 1031