## STATE v. ERNEST DOSS.

(Filed 24 September, 1924.)

**1. Seduction—Statutes—Instructions—Supporting Evidence.**

Where there is supporting testimony of the woman in her statutory action for seduction, to wit, the carnal intercourse with an innocent and virtuous woman, induced by promise of marriage, an instruction which eliminates the necessary supporting evidence of the woman to only the element of the promise of marriage is reversible error. C. S., 4339.

**2. Same—Questions for Jury—Statutes.**

The weight and credibility of the evidence supporting that of the woman, upon the trial of seduction, under C. S., 4339, is for the jury, if it comes within the requirement of being legal evidence, however slight it may be.

APPEAL by defendant from *Allen, J.,* at March Term, 1924, of LEE.

This was an indictment against the defendant for seduction of Elizabeth Bryant, an innocent and virtuous woman, under promise of marriage. There was a verdict of guilty and judgment was rendered from which defendant appealed to the Supreme Court.

The only material exception and assignment of error will be considered in the opinion.

*Attorney-General Manning, and Assistant Attorney-General Nash for the State.*

*D. B. Teague and H. F. Seawell for defendant.*

CLARKSON, J. The defendant was indicted under C. S., 4339; which is as follows: "If any man shall seduce an innocent and virtuous woman under promise of marriage, he shall be guilty of a felony, and upon conviction shall be fined or imprisoned at the discretion of the court, and may be imprisoned in the State Prison not exceeding the term of five years: *Provided,* the unsupported testimony of the woman shall not be sufficient to convict; *provided further,* that marriage between the parties shall be a bar to further prosecution hereunder. But when such marriage is relied upon by the defendant, it shall operate as to the costs of the case as a plea of *nolo contendere,* and the defendant shall be required to pay all the costs of the action or be liable to imprisonment for nonpayment of the same."

There are three elements in this crime: (1) The carnal intercourse; (2) With an innocent and virtuous woman; (3) Induced by promise of marriage.

The statute, however, has this proviso: *"Provided,* the unsupported testimony of the woman shall not be sufficient to convict."

There are three essentials to a conviction. All the elements must be proved by supporting testimony. The court below charged the jury (to which charge exception was taken and error assigned) as follows: "So it is necessary for you to understand this statute, which makes it a felony, that is, an offense punishable by imprisonment in the State's Prison, to seduce a virtuous and innocent woman under a promise of marriage; the law is so careful about it that it goes further and says that the case is not made out unless the State produces and has some supporting evidence as to the promise of marriage."

The vice complained of is that the charge of the court below expressly limited the necessity for testimony to support· that of the prosecutrix to one essential of the crime, namely, the promise of marriage, and impliedly states to the jury that as to the other two essentials of the crime the testimony of the prosecutrix need not be supported. Nowhere in the charge is this error corrected. The maxim applies of *"Casus omissus pro omisso habendus est.* A case omitted is to be held as (intentionally) omitted." Tray Lat. Max., 67.

In *State v. Moody,* 172 N. C., 968, it is said:

"There are three essential elements of this crime: First, the seduction; second, the innocence and virtuousness of the woman; third, the promise of marriage inducing consent of the woman to the sexual act. *S. v. Pace,* 159 N. C., 462; *S. v. Cline,* 170 N. C., 751. The prosecutrix testified to the defendant's promise of marriage; that she was persuaded by it to have sexual intercourse with him, and that she was a virtuous and innocent woman, never having committed the act with any other man."

First, as to her virtue and innocence there was supporting testimony, as the State called witnesses who stated that the character of the prosecutrix has always been good prior to this occurrence. We have held this to be sufficient as supporting testimony within the meaning of the statute. *S. v. Mallonee,* 154 N. C., 200; *S. v. Horton,* 100 N. C., 443; *S. v. Cline, supra; S. v. Sharpe,* 132 Mo., 171; *S. v. Deitrick,* 51 Iowa, 469; *S. v. Bryan,* 34 Kan., 72; *Zabriskie v. State,* 43 N. J. L., 644.

Second, the seduction was shown both by the testimony of the prosecutrix and the admission of the defendant and by the circumstances otherwise appearing in the case.

Third, this brings us to a consideration of the main contention of the defendant's counsel, that there is no supporting testimony as to the promise of marriage.

It must be borne in mind that we are not passing upon the weight or strength of the evidence in any of these instances, but only upon the

question whether there is any testimony which is supporting in the sense of that word as used in the statute. We are of the opinion that there is, and however unconvincing or inconclusive it may be, it was for the jury to determine its weight. *S. v. Ferguson,* 107 N. C., 841.

For the reasons given, there must be a

New trial.