## STATE v. JEFF CROOK.

(Filed 22 April, 1925.)

**Criminal Law—Seduction—Statutes—Burden of Proof—Evidence.**

In order to convict of seduction under our criminal statute, it is necessary for the State to satisfy the jury beyond a reasonable doubt of the innocence and virtue of the prosecutrix, the promise and the carnal intercourse induced thereby, and a conviction may not be had where there is no supporting evidence that she was innocent and virtuous.

APPEAL by defendant from *Lane, J.,* at the October Term, 1924, of UNION.

The defendant was convicted of seduction, the statute being as follows: "If any man shall seduce an innocent and virtuous woman under promise of marriage, he shall be guilty of a felony, and upon conviction shall be fined or imprisoned at the discretion of the court, and may be imprisoned in the State prison not exceeding the term of five years: *Provided,* the unsupported testimony of the woman shall not be sufficient to convict: *Provided further,* that marriage between the parties shall be a bar to further prosecution hereunder. But when such marriage is relied upon by the defendant, it shall operate as to the costs of the case as a plea of *nolo contendere,* and the defendant shall be required to pay all the costs of the action or be liable to imprisonment for nonpayment of the same." C. S., 4339.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Vann & Milliken for the defendant.*

ADAMS, J. Appended to the record is a purported plea in bar based upon the marriage of the defendant and the prosecutrix alleged to have been solemnized in South Carolina since the trial; but the defendant,

withdrawing this plea and relying upon a failure of proof, insists that his motion to dismiss the action at the conclusion of the evidence should have been granted.

To convict the defendant of seduction it was incumbent upon the State to satisfy the jury beyond a reasonable doubt of every element essential to the offense. The three elements are (1) the innocence and virtue of the prosecutrix, (2) the promise of marriage, and (3) the carnal intercourse induced by such promise. To each of these the prosecutrix testified; but the statute provides that the unsupported testimony of the woman shall not be sufficient to convict. This proviso has been construed to mean that the prosecutrix must be supported by independent facts and circumstances as to each element of the offense. *S. v. Ferguson,* 107 N. C., 841; *S. v. Doss,* 188 N. C., 214.

The testimony of the girl's father and stepmother constitutes supporting evidence of the defendant's promise of marriage, but this is not enough. Whether Mrs. Hensley's statement that "he (the defendant) was after her (the prosecutrix) all the time" can reasonably be construed as supporting evidence of carnal intercourse we need not decide *(S. v. Ferguson, supra,* p. 851), for if the question be resolved in favor of the prosecutrix there is yet a distinct lack of evidence supporting the contention that the prosecutrix was an innocent and virtuous woman. As to this element of the crime, evidence of her good character would have been sufficient, but none was introduced. *S. v. Doss, supra; S. v. Moody,* 172 N. C., 967.

Since the evidence was insufficient to sustain a conviction, the defendant's motion should have been granted and the action dismissed. Let this be certified.

Reversed.