STATE v. MORGAN SHATLEY.

(Filed 15 June, 1931.)

**Seduction A b—Promise of marriage must be absolute for conviction of seduction under C. S., 4339.**

In order for conviction of the offense of seduction of an innocent and virtuous woman under promise of marriage, C. S., 4339, the promise of marriage must be absolute and unconditional, and a promise at the time to marry the woman in the event "anything should happen to her," is insufficient for a conviction under the statute.

APPEAL by defendant from *Schenck, J.,* and a jury, at March Term, 1931, of WILKES. Reversed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Trivette & Holshouser and F. J. McDuffie for defendant.*

CLARKSON, J. C. S., 4339, is as follows: "If any man shall seduce an innocent and virtuous woman under promise of marriage, he shall be guilty of a felony, and upon conviction shall be fined or imprisoned at the discretion of the court, and may be imprisoned in the State's prison not exceeding the term of five years: *Provided,* the unsupported testimony of the woman shall not be sufficient to convict: *Provided further,* that marriage between the parties shall be a bar to further prosecution hereunder. But when such marriage is relied upon by the defendant,

it shall operate as to the costs of the case as a plea of *nolo contendere,* and the defendant shall be required to pay all the costs of the action or be liable to imprisonment for nonpayment of the same."

Defendant was indicted, tried and convicted and sentenced under the above statute. At the close of the State's evidence and at the close of all the evidence the defendant moved for judgment of nonsuit. C. S., 4643. The court below overruled the motions. The defendant excepted, assigned error and appealed to this Court. We think the motions should have been allowed.

The prosecuting witness testified: "I had sexual intercourse with him on the night of 20 October, 1927. It occurred in Mocksville, Davie County. *I did this because he promised to marry me if anything happened.* . . . I never had sexual intercourse with any other man except the defendant, and not with him until he promised to marry me."

Construing the above testimony as a whole, the promise was conditional, but to convict one under the statute the promise must be absolute.

In 35 Cyc., at p. 1336, speaking to the subject, citing a wealth of authorities, is the following: "By the weight of authority, under the statutes punishing seduction only when under a promise of marriage, the promise must be absolute, and not conditional upon other events than the intercourse, and a promise to marry in case the woman becomes pregnant or 'gets into trouble,' etc., is not sufficient."

In *S. v. Crowell,* 116 N. C., at p. 1057, it is said: "Indeed deceit is the very essence of this offense, the warp and woof of it so to speak."

In *S. v. Cline,* 170 N. C., at p. 752, we find: "Sexual intercourse is not an indictable offense under this statute, nor is seduction itself a criminal offense, but it is the seduction of an innocent and virtuous woman under the promise of marriage that constitutes a criminal offense. As has been said: 'The purpose of this statute is to protect innocent and virtuous women against wicked and designing men, who know that one of the most potent of all seductive arts is to win love and confidence by promising love and marriage.'" *S. v. Ferguson,* 107 N. C., at p. 848.

In *S. v. Johnson,* 182 N. C., at p. 888, is the following observation: "The statute was passed to guard, and protect, the innocent and virtuous woman, and not those who seek only to gratify their own lustful desires and have no proper regard for the sacredness and purity of the marriage promise, and do not even wait for it, before yielding their persons to the embraces of evil-minded men. In such a case, the woman is considered to be as bad as he is, and beyond the pale of the law's protection under this statute."

This is not a case of seduction under promise of marriage, which promise must be absolute and not conditional, but it appears from the evidence to be a case of bastardy. The law on that subject is fully set forth in C. S., ch. 6, "Bastardy." The prosecuting witness is not without remedy under the bastardy statute.

For the reasons given, the judgment in the court below is
Reversed.