### STATE v. SEATON PATRICK.

(Filed 8 March, 1933.)

**Seduction B d—Supporting character evidence of prosecutrix must tend to establish her good character at time of alleged seduction.**

In a prosecution for seduction under promise of marriage the character evidence of the prosecutrix relied on as supporting evidence must tend to establish her good character at the time of the alleged seduction, and where the only "supporting testimony" relied on is testimony of the prosecutrix's good character two years prior to. the alleged seduction,

with no testimony as to her character subsequent to that time, the evidence is insufficient to be submitted to the jury and defendant's motion as of nonsuit should have been granted.

CRIMINAL ACTION, before *Daniels, J.,* at January Term, 1933, of WASHINGTON.

The defendant was indicted for seduction under promise of marriage. There was a verdict of guilty followed by a sentence of two years in the State's prison. The prosecutrix testified that the immoral relations began in September, 1930. The State offered four witnesses who undertook to testify as to the good character of prosecutrix. All of these witnesses testified that the prosecutrix left the community "about four years ago," except one, who stated that she went away in 1928, and that he did not know anything about her after that. Moreover, all of said witnesses stated on the witness stand that they knew nothing about the character of the prosecutrix within a period of four years prior to the trial.

From the judgment pronounced, the defendant appealed.

*Attorney-General Brummitt, Assistant Attorney-General Siler and Gertrude M. Upchurch for the State.*
*W. L. Whitley for defendant.*

BROGDEN, J. If character evidence is relied upon exclusively as "supporting testimony" in the trial of a seduction case, must such character evidence tend to establish good character at the time of the trial or at the time of the seduction?

Each of the constituent elements of the crime of seduction requires proof of supporting testimony consisting of independent facts and circumstances. However, evidence of good character of prosecutrix has been deemed adequate "supporting testimony" of innocence and virtue. *S. v. Moody,* 90 S. E., 900; *S. v. Doss,* 188 N. C., 214, 124 S. E., 156; *S. v. Crook,* 189 N. C., 545, 127 S. E., 579; *S. v. Shatley,* 201 N. C., 83.

In the case at bar the State offered the testimony of four witnesses who undertook to testify as to the good character of the prosecutrix. The evidence discloses that the prosecutrix went away from home about four years prior to the trial, and none of the witnesses offered by the State ventured to testify with respect to her character during such four-year period. If the character evidence so given was sufficient to constitute "supporting testimony," then the verdict must stand; otherwise the motion for nonsuit should have been granted. In *S. v. Doss* supporting testimony of innocence consisted of proof "that the character of the prosecutrix has always been good prior to this occurrence." In the *Malonee case,* 154 N. C., 200, 69 S. E., 786, the Court declared that

"the proof of chastity should relate to the time preceding the seduction or the time when it became known, as it is manifest that her reputation in that regard would be injuriously affected by the offense itself when revealed, and the very crime would thus become the means of protecting the criminal, and the more notorious the seduction and the more extensively her shame had been published to the world, the more certain would be the immunity from punishment." The question involved in this appeal was first considered in *S. v. Johnson,* 60 N. C., 151. Discussing character evidence, the Court said: "The question is now presented, for the first time, in this State, to what time shall the prosecutor's evidence refer? to the time of the alleged commission of the offense? or to that of the trial? The authorities referred to by the counsel, seem to leave this question somewhat unsettled in the courts of England and of the States, where it has occurred. We think that, upon principle, it ought to be confined to the time when the charge was first made." The same idea was elaborated in *S. v. Spurling,* 118 N. C., 1250, 24 S. E., 533, which involved a prosecution for slander of an innocent woman. This case holds that if a prosecutrix does not testify as a witness that proof of her good character "would have applied only to her reputation up to the time of the alleged intercourse with the defendant"; and further, that if the prosecutrix is a witness in the case, her general character at the time of the trial may be shown for the purpose of supporting or impairing the credibility of her testimony as a witness.

In the case at bar the purported character evidence related to the last two years prior to the seduction and approximately four years prior to the trial. Consequently the State offered no evidence that the character of the prosecutrix was good at the time of the seduction. Manifestly, the character evidence was too stale to constitute such "supporting testimony" as the statute contemplates and the decisions require. Therefore, the motion for nonsuit should have been allowed.

Reversed.