STATE v. FRED McDADE.

(Filed 1 May, 1935.)

**1. Seduction A a—**

The essential elements of seduction are the innocence and virtue of the prosecutrix, the promise of marriage, and intercourse induced by such promise. C. S., 4339.

**2. Seduction B d—**

The unsupported testimony of the prosecutrix is insufficient for a conviction of seduction.

**3. Same—Nonsuit held proper in this case for want of supporting testimony that defendant promised to marry prosecutrix.**

Testimony that prosecutrix told her mother and father that she and defendant were to be married, without supporting testimony that defendant ever told anyone or admitted to anyone that he was engaged to prosecutrix, or that he intended to marry her, is insufficient to resist defendant's motion as of nonsuit in a prosecution for seduction.

CRIMINAL ACTION, before *Harding, J.,* at November Term, 1934, of CALDWELL.

The defendant was indicted for the seduction of Katherine Anderson and sentenced to the State's Prison for a term of two years.

From judgment so pronounced he appealed.

*Attorney-General Seawell and Assistant Attorneys-General Aiken and Bruton for the State.*

*Hunter Martin and Newland & Townsend for defendant.*

BROGDEN, J. C. S., 4339, as construed in many decisions, requires the State to satisfy the jury beyond a reasonable doubt of the existence and truth of three elements, to wit: (1) The innocence and virtue of the prosecutrix; (2) the promise of marriage; and (3) intercourse induced by such promise.

Moreover, the law further provides that the "unsupported testimony of the woman shall not be sufficient to convict." *State v. Moody,* 172 N. C., 967, 90 S. E., 900; *State v. Crook,* 189 N. C., 545, 127 S. E., 579; *State v. Shatley,* 201 N. C., 83.

Much conflicting evidence was introduced at the trial, but it would serve no useful purpose to embalm all the sordid testimony for future generations.

The evidence discloses that the scene moved swiftly. The prosecutrix met the defendant "a week before Christmas, 1933." The next time she saw him was Friday night before Christmas, 1933. The next time

she saw him was Sunday night, 31 December, 1933.    Prosecutrix and the defendant were not alone at any time during the aforesaid visits. The prosecutrix further testified that the defendant came to see her every Saturday and Sunday night after that time until 24 February, 1934, when, according to her contention, she first discovered that he was a married man with three children.    The seduction took place, according to the testimony of prosecutrix, "about the last of January, 1934, in Fred's car at my home"; that is to say, the defendant had not been alone with the prosecutrix more than six or eight times before the seduction took place.    Moreover, the seduction took place in less than four weeks from the first time the parties were alone together.    Manifestly, this was fast work.

There was no evidence that the defendant had ever written the prosecutrix a line, taken her to church, or to any other public place, or to visit a friend or neighbor.    The prosecutrix testified that she yielded to the defendant because of the promise of marriage and for no other reason.    There was testimony that she was a girl of good character, and that she had told her mother and father that she and defendant were to be married, and that in company with them she had purchased certain dresses for the marriage, although no definite date had been set.

There was no evidence that the defendant had ever told anyone or admitted to anyone that he was engaged to the prosecutrix, or that he intended to marry her.

Consequently, the Court is of the opinion that there was no "supporting testimony" of the promise of marriage as contemplated by the statute, and the motion for nonsuit should therefore have been allowed. *State v. Moody, supra.*

Reversed.