### STATE v. HUBERT WELLS. ᴺ

(Filed 25 November, 1936.)

**1. Seduction A a—**

The elements of the offense of seduction are the seduction of an innocent and virtuous woman under promise of marriage, and by provision of statute the unsupported testimony of prosecutrix is insufficient to sustain a conviction. C. S., 4339.

**2. Seduction B d—Evidence held insufficient to show that seduction was induced by previous unconditional promise of marriage.**

Testimony of the prosecutrix in this prosecution for seduction to the effect that she and defendant had sexual intercourse, that they planned to be married, that he asked her to have sexual intercourse with him and told her that if she would they would be married, and that they would be married right away if anything happened, *is held* insufficient to establish that the seduction was induced by a previous unconditional promise of marriage, it not appearing from the evidence when the first act of intercourse took place, and, the burden being upon the State to affirmatively show that the seduction was induced by a previous unconditional promise of marriage, defendant's motion to nonsuit should have been granted.

APPEAL by defendant from *Harding, J.,* at April Term, 1936, of GASTON.   Reversed.

The defendant was charged with seduction under promise of marriage, in violation of C. S., 4339, and from the judgment pronounced on a verdict of guilty, he appealed.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Ernest R. Warren for defendant.*

DEVIN, J.   The essential elements of the offense of which the defend-- ant was convicted are: (1) Seduction, (2) of an innocent and virtuous woman, (3) under promise of marriage. The statute contains the additional proviso that the unsupported testimony of the woman shall not be sufficient to convict. C. S., 4339. *S. v. Forbes, ante,* 567; *S. v. McDade,* 208 N. C., 197; *S. v. Crook,* 189 N. C., 545.

In order to convict, the burden of proof is upon the State to show beyond a reasonable doubt that the seduction was accomplished under and by means of the promise of marriage, and that the prosecutrix was at that time an innocent and virtuous woman. It must affirmatively appear that the inducing promise preceded the intercourse, and that the promise was absolute and not conditional. *S. v. Shatley,* 201 N. C., 83; *S. v. Lang,* 171 N. C., 778; 57 C. J., 50.

Here, the only evidence of the prosecutrix on this point was as follows: "That she knew the defendant Hubert Wells; that she had sexual intercourse with him and was pregnant; that in March, 1934, they had planned to be married. He asked her to have intercourse and told her if she would they would get married, and if anything happened they would marry right away." It does not appear when the first act of intercourse took place.

The evidence is insufficient to establish the controlling fact that the seduction was induced by a previous unconditional promise of marriage. *S. v. Shatley, supra;* 57 C. J., 50.

For the reasons stated, we think the motion for judgment of nonsuit should have been sustained.

Reversed.