## STATE v. WOODROW SMITH.

(Filed 22 May, 1940.)

**1. Seduction § 8—**

It is not required that the "supporting evidence" of the promise of marriage coincide with the testimony of the prosecutrix as to the time the promise was made, since it is not required that the "supporting evidence" be direct, adminicular proof being sufficient.

**2. Criminal Law § 81c—**

Excerpts from the charge will not be held for reversible error when the charge, construed as a whole, is not prejudicial to defendant.

APPEAL by defendant from *Johnston, Special Judge,* at November Term, 1939, of STANLY.

Criminal prosecution tried upon indictment charging the defendant with seduction under promise of marriage in violation of C. S., 4339.

From conviction and judgment thereon the defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*E. T. Bost, Jr., and W. E. Smith for defendant.*

STACY, C. J. The sufficiency of the evidence to carry the case to the jury is challenged only on one point, *i.e.,* whether the promise of marriage rests alone on the "unsupported testimony of the woman." The time of the seduction is fixed at about the middle of March, 1939. The defendant says it took place in April. In two letters to the prosecutrix, one dated 18 May, 1939, the other 21 June, 1939, the defendant admitted the promise. In the last letter he speaks of the promise as having been made "long time ago." This, taken with the other evidence in the case, would seem to meet the requirements of the statute. C. S., 4339. *S. v. Raynor,* 145 N. C., 472, 59 S. E., 344; *S. v. Malonee,* 154 N. C., 200, 69 S. E., 786. The "supporting evidence" need not be direct. Adminicular proof will suffice. *S. v. Cooke,* 176 N. C., 731, 97 S. E., 171. Besides, there is evidence that the defendant and the prosecutrix were "going together over a period of two or three months" prior to the alleged seduction, and that the prosecutrix had no other boy friends. *S. v. Moody,* 172 N. C., 967, 90 S. E., 900; *S. v. Fulcher,* 176 N. C., 724, 97 S. E., 2. The evidence pertaining to the character of the prosecutrix is conflicting. *S. v. Patrick,* 204 N. C., 299, 168 S. E., 202.

There are two exceptions to the charge, which, standing alone, may be subject to some criticism, but viewed contextually they are not regarded as harmful to the defendant.

On the whole, the case appears to have been tried accordant with the applicable decisions, hence the verdict and judgment will be upheld.

No error.