## STATE v. EMMETT BRACKETT.

### (Filed 30 October, 1940.)

**1. Seduction § 1—**
    The essential elements of the offense of seduction are the innocence and virtue of the prosecutrix, the promise of marriage, and intercourse induced by such promise.

**2. Seduction § 8—**
    Unqualified testimony that the character of prosecutrix was good at the time of the alleged seduction is sufficient supporting evidence upon the question of the innocence and virtue of prosecutrix.

**3. Same—**
    Testimony of the mother of prosecutrix that defendant had asked her approval of their marriage, and subsequent to the birth of the child, had acknowledged paternity of the child and reiterated his intention to marry prosecutrix, is sufficient supporting evidence upon the question of the promise of marriage.

**4. Same—**

Evidence that defendant had asked the approval of prosecutrix' mother to their marriage, that he paid prosecutrix assiduous attention, and gave her a ring, a watch and a dress, is sufficient supporting evidence on the question of intercourse induced by promise of marriage.

**5. Criminal Law § 51—**

Impropriety in the argument of counsel is cured by correction by the court, and ordinarily the court may make such correction in the charge or at any time during the trial, immediate interference by the court being necessary only in case of gross impropriety.

**6. Seduction § 7—**

In a prosecution for seduction the paternity of the child is in issue, and when the child has been introduced in evidence but not "exhibited" to the jury, and the defendant is in court and observable by the jury, although not a witness in his own behalf, the resemblance of the child to defendant is some evidence of paternity, which may be considered by the jury.

**7. Constitutional Law § 29—**

The constitutional provision that a defendant shall not be compelled to testify against himself, Fifth Amendment to the Federal Constitution, does not preclude the prosecution from calling to the jury's attention the physical aspect of defendant when relevant to the inquiry.

**8. Seduction § 10—**

In this prosecution for seduction, the court's charge to the jury as to the character and requirements of evidence in support of the testimony of prosecutrix, *is held* without error.

**9. Criminal Law § 53h—**

The charge of the court will be construed contextually as a whole.

**10. Criminal Law § 53c—**

A charge that the burden of proving defendant guilty beyond a reasonable doubt does not require the State to prove defendant guilty beyond all doubt, or a vain or fanciful doubt, but only beyond a reasonable doubt, which is one based upon common sense and reason, and generated by insufficiency of proof, *is held* without error.

**11. Constitutional Law § 32—**

Defendant's contention that he was subjected to cruel and unusual punishment in that the trial court sentenced him to the maximum prison term permitted by statute for the offense of seduction of which he was convicted, and in addition dictated a letter to the Parole Commissioner in which he requested that no clemency be extended defendant, and also directed the solicitor to institute prosecution against defendant for failure to support his illegitimate child, *is held* untenable, since the letter to the Parole Commissioner and the instructions to the solicitor are not parts of the sentence imposed.

APPEAL by defendant from *Gwyn, J.,* at March Term, 1940, of CLEVELAND.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*B. T. Falls for defendant, appellant.*

SCHENCK, J.   The defendant was tried and convicted upon a bill of indictment charging the seduction of an innocent and virtuous woman under the promise of marriage, C. S., 4339, and from sentence of imprisonment in the State's Prison for a term of five years appealed to the Supreme Court, assigning errors.

The defendant's first three exceptive assignments of error relate to the court's refusal to allow motion for a nonsuit, C. S., 4643, upon the theory that the testimony of the prosecutrix as to some of the essential elements of the offense was unsupported.

The essential elements of the offense are (1) the innocence and virtue of the prosecutrix, (2) the promise of marriage, and (3) intercourse induced by such promise. *S. v. McDade,* 208 N. C., 197.

As to the first element, the innocence and virtue of the prosecutrix, at least two witnesses testified unqualifiedly that the prosecutrix was of good character at the time of the alleged seduction. This is sufficient supporting evidence upon this element of the offense. *S. v. Doss,* 188 N. C., 214; *S. v. Moody,* 172 N. C., 967. As to the second essential element, the promise of marriage, the supporting evidence was plenary. The mother of the prosecutrix testified that the defendant asked her approval of the marriage of himself and her daughter, and that subsequent to the birth of the child he acknowledged his paternity thereof and reiterated his intention to marry the prosecutrix. As to the third essential element of the offense (intercourse induced by such promise, the testimony of the prosecutrix is supported by the testimony of her mother as to statements made by the defendant and the actions of the defendant, such as the assiduous attention paid the prosecutrix by the defendant, accompanied by the giving to her of a ring, a watch and a dress. These assignments cannot be sustained.

The fourth exceptive assignment of error relates to a statement made in the course of his argument by counsel for the private prosecution, to which exception was preserved by counsel for defendant as follows: "Look at the defendant. This baby has black hair just like his." If it be conceded that the statement was improper, such impropriety or error was cured and corrected in the general charge when the court said: "The court instructs you not to consider any reference to the defendant's appearance made in the argument of the case. . . ."

"Where counsel oversteps the bounds of legitimate argument, or abuses the privilege of fair debate, and objection is interposed at the time, it must be left, as a general rule, to the sound discretion of the

presiding judge as to when he will interfere and correct the abuse, but he must correct it at some time during the trial, and if the impropriety be gross it is the duty of the judge to interfere at once." *Stacy, C. J.,* in *S. v. Tucker,* 190 N. C., 708. We do not apprehend that the impropriety of the statement of counsel, if indeed impropriety it was, was so gross as to demand immediate interference by the court. In seduction, as well as in bastardy cases, the paternity of the child is an issue, and the resemblance of the child to the defendant is some evidence of the paternity. The child had been introduced in evidence, and, although the defendant had not gone upon the stand as a witness, he was nevertheless in court and observable by the jury. *S. v. Tucker, supra,* and cases there cited. In speaking of the prohibition in the Fifth Amendment to the Constitution of United States against compelling a person to be a witness against himself, *Mr. Justice Holmes* in *Holt v. United States,* 218 U. S., 245, says: "But the prohibition of compelling a man in a criminal court to be witness against himself is a prohibition of the use of physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material."

The fifth, sixth, eighth and ninth exceptive assignments of error all assail his Honor's charge relating to evidence supporting the testimony of the prosecutrix required by the statute creating the crime of seduction. We have examined each of these assignments and are of the opinion, and so hold, that they are untenable. His Honor charged that "The statute requires further that the unsupported testimony of the prosecutrix shall not be sufficient to convict. It means that the prosecutrix must be supported by evidence of independent facts and circumstances, added to her testimony and added to her statements as to each of the elements." This is in accord with the decisions of this Court. *S. v. Malonee,* 154 N. C., 200; *S. v. Raynor,* 145 N. C., 472. A charge is to be taken as a whole, and not broken up into disconnected and desultory fragments, and thus considered. *S. v. Butler,* 185 N. C., 625; *S. v. Hege,* 194 N. C., 526.

The seventh exceptive assignment of error assails the instruction to the jury as to what constitutes a reasonable doubt. The excerpt objected to reads: "The defendant is presumed to be innocent, and this presumption goes with him throughout the entire trial and until the jury is satisfied beyond reasonable doubt of his guilt; not satisfied beyond any doubt, or all doubt, or a vain or fanciful doubt, but rather what that term implies, a reasonable doubt, one based upon common sense and reason, generated by insufficiency of proof." This is in substantial compliance with the decisions of this Court, *S. v. Schoolfield,* 184 N. C., 721; *S. v. Hege, supra,* and in the absence of a request for more specific and more elaborate instructions cannot be held for error.

The tenth exceptive assignment of error is to the refusal of the court to allow motion for a new trial, and, being formal, is disposed of in the discussion of the other assignments.

The eleventh and last assignment of error is to the sentence imposed. This assignment was argued before us with considerable vigor and earnestness. The record discloses that the sentence imposed was the maximum allowed by the statute, five years imprisonment in the State's Prison, and that his Honor immediately after sentence was imposed dictated a letter to the Parole Commissioner wherein he requested that no clemency be extended the prisoner, and directed the solicitor to institute prosecution against the defendant for failure to support his bastard child. It is the contention of the defendant that the maximum punishment allowed by the statute has been exceeded and that Art. I, sec. 14, of the Constitution of North Carolina has been impinged in that cruel and unusual punishment has been inflicted.

It is well settled in this jurisdiction that a sentence is not excessive, or "cruel or unusual" when within the limits prescribed by the Legislature, S. v. Daniels, 197 N. C., 285, and cases there cited, and the sentence of five years imprisonment in the State's Prison being within these limits it cannot be held for error.

The letter of his Honor to the Parole Commissioner and his instructions to the solicitor are not parts of the sentence imposed, but were simply the exercise of his personal, if not his official, prerogative.

In the record we find

No error.