STATE v. FRANK SMITH.

(Filed 19 May, 1943.)

**1. Seduction § 1—**

To convict of seduction under C. S., 4339, it is incumbent upon the State to satisfy the jury beyond a reasonable doubt (1) that the prosecutrix was at the time of the seduction an innocent and virtuous woman; (2) a promise of marriage; and (3) carnal intercourse induced by such promise. The testimony of the prosecutrix alone is not sufficient. There must be independent, supporting evidence of each essential element of the crime.

**2. Seduction §§ 8, 9—**

Testimony supporting prosecutrix, on an indictment for seduction under C. S., 4339, need not be in the form of direct evidence, for it is seldom possible to produce such proof in respect to some of the elements of the offense. Facts and circumstances tending to support her statements are

sufficient. And where there is such evidence, a motion for nonsuit should be denied. C. S., 4643.

APPEAL by defendant from *Carr, J.,* at October Term, 1942, of COLUMBUS. No error.

Criminal prosecution for seduction under promise of marriage.

Defendant and prosecutrix "went together" for about five years. They were engaged for about 2½ years. "He just told me that he had fell in love with me and that he did want to marry me and had I rather get married right away and live with his married brother or take a chance on waiting until he could sell his interest in that place and build another one, and I told him that I had rather wait until he could build a place of our own to live in. . . . We talked about getting married quite a few times . . . and he told me he didn't want to wait any longer and he said did I want to wait any longer and I told him no I didn't; so he said we would marry very soon." There was no date set for the marriage.

The defendant wrote prosecutrix endearing letters. In one dated 30 December, 1940, addressed to "Elsie Darling," he stated: "I am going to kiss your picture when the New Year comes in to give us good luck and because you are the only girl I am going to kiss in 1941. Why don't you do the same? Hope you will be happy and don't get blue any more because you won't have to worry about me not loving you. I do and if you can't be happy and don't want to wait any longer we will just go ahead and make a go of it now. I don't want to wait any longer either, but have just wanted to save a little money for us to build with."

On the occasion of the alleged seduction, 29 May, 1941, defendant told her that "we were going to be married, that he loved me and I loved him, that it was just a matter of time of him getting the money to be married with to live on . . . said it didn't make any difference; that it didn't matter; that we were going to get married anyway. . . . He told me we would get married then if I wanted to. . . . Under those circumstances I yielded to his embraces . . . because I loved him and because of marrying too. I wouldn't have done it otherwise."

Prosecutrix testified that defendant took her to Wilmington 29 May, and that it was on this trip she was seduced. Defendant denied that he was with her on that day but admitted he did make the trip with her to Wilmington on the 27th.

There was evidence of the good reputation of the prosecutrix, that a child was born to her and that defendant told her sister that they were to be married.

There was a verdict of guilty. From judgment thereon defendant appealed.

STATE *v.* SMITH.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*J. A. McNorton and Herbert McClammy for defendant.*

BARNHILL, J.   On this record the primary question presented for decision is this: Was there error in the refusal of the court below to dismiss as of nonsuit under C. S., 4643?

The defendant was indicted under C. S., 4339.   To convict the defendant of seduction as defined in this statute and as charged in the bill of indictment it was incumbent upon the State to satisfy the jury beyond a reasonable doubt (1) that the prosecutrix was at the time of the seduction an innocent and virtuous woman; (2) a promise of marriage; and (3) carnal intercourse induced by such promise.   For this purpose the testimony of the prosecutrix alone is not sufficient.   There must be independent supporting evidence of each essential element of the crime.   *S. v. Crook,* 189 N. C., 545, 127 S. E., 579; *S. v. Ferguson,* 107 N. C., 841; *S. v. Doss,* 188 N. C., 214, 124 S. E., 156; *S. v. McDade,* 208 N. C., 197, 179 S. E., 755; *S. v. Wells,* 210 N. C., 738, 188 S. E., 326; *S. v. Brackett,* 218 N. C., 369, 11 S. E. (2d), 146; *S. v. Fulcher,* 176 N. C., 724, 97 S. E., 2.

The prosecutrix testified concerning her innocence and virtue, the promise of marriage and the seduction induced by such promise.   Except for the proviso of the statute her testimony would be sufficient to repel the motion of nonsuit.   Under the statute it fails to make out a case for the jury unless supported by independent testimony.

This supporting testimony, however, need not be in the form of direct evidence for, indeed, it is seldom possible to produce such proof in respect to some of the elements of the offense.   Facts and circumstances tending to support her statements are sufficient.   *S. v. Cooke,* 176 N. C., 731, 97 S. E., 171; *S. v. Moody,* 172 N. C., 967, 90 S. E., 900; *S. v. Smith,* 217 N. C., 591, 9 S. E. (2d), 9.

Applying this well recognized rule, we are constrained to hold that the cause was properly submitted to the jury.

There was evidence of the good reputation of the prosecutrix before and at the time of the alleged illicit intercourse.   This meets the requirement of the statute on the element of innocence and virtue.   *S. v. Patrick,* 204 N. C., 299, 168 S. E., 202; *S. v. Doss, supra; S. v. Brackett, supra; S. v. Moody, supra.*

The defendant and prosecutrix "went together" over a period of years. His frequent visits, his endearing letters, his statements to the sister of the prosecutrix all tend to support the evidence as to the promise of marriage.   Indeed, his letter of 30 December, 1940, under the circum-

stances here disclosed, can be given no other reasonable interpretation. *S. v. Fulcher, supra.*

The prosecutrix became pregnant and in due course gave birth to a child—convincing proof of the illicit intercourse on her part.

The immediate persuasions and inducements which led to the illicit intercourse may not be proved by the evidence of third persons directly to that fact. They are to be inferred from the facts; that the man had the opportunities, more or less frequent and continued, of making the advances and propositions, and that the relations of the parties were such as that there was likely to be that confidence on the part of the woman in the declarations of devotion on the part of the man and that affection towards him personally which would overcome reluctance on her part and cause her to surrender her chastity. Courtship affords not simply an opportunity to a designing man but often the very means of persuasion by which seduction is effected.

"The fact that he was her suitor, proved otherwise than by her own testimony, tends to make credible her testimony that her proven seduction was effected by him." *Stevenson v. Belknap,* 6 Iowa, 97; *S. v. Moody, supra.*

Circumstances of this kind vary in weight and credibility in different cases, and it is for the jury to determine their strength. But when proof is made of their existence, in some degree, it cannot be said that there was no supporting evidence. A court cannot then properly direct a verdict or dismiss the action, on the ground that no case is made for the consideration of the jury. *S. v. Moody, supra; S. v. Smith, supra.*

The evidence was conflicting and the issue was sharply drawn. If the evidence for defendant is to be believed it was impossible for him to have been with the prosecutrix on 29 May or to have associated with her during the month of June. However, it is not within the province of this Court to review and weigh the testimony and determine what the verdict should have been. That was for the jury, subject to the revising power of the trial judge, if he deemed the verdict against the weight of the evidence. We may say only whether there was any evidence for the jury to consider.

We have examined the other assignments of error. They fail to disclose sufficient reason for disturbing the verdict.

No error.