## STATE v. DELMUS WARD LEGGETT.

(Filed 20 September, 1961.)

**1. Criminal Law § 168—**

Where defendant introduces evidence, only the correctness of the denial of the motion to nonsuit made at the close of all the evidence is presented on appeal.

**2. Seduction § 3—**

Testimony of prosecutrix as to each essential element of the crime of seduction with independent supporting evidence as to each essential element is held sufficient to be submitted to the jury.

**3. Criminal Law § 161—**

An assignment of error to the charge will not be sustained in the absence of prejudicial error.

APPEAL by defendant from *Bone, J.,* June 26, 1961, Term of BEAU-FORT.

Defendant was indicted under G.S. 14-180 for the seduction under promise of marriage of Marjorie Smith. After trial and conviction, judgment imposing a prison sentence was pronounced. Defendant appealed, assigning as error (1) the denial of his motions for judgment as in case of nonsuit, and (2) designated portions of the court's instructions to the jury.

*Attorney General Bruton and Assistant Attorney General McGalliard for the State.*

*Edgar J. Gurganus for defendant, appellant.*

PER CURIAM. Defendant offered evidence. Hence, as to defendant's motion for judgment as in case of nonsuit, the only question is whether

the court erred in the denial of the motion made by defendant at the close of all the evidence. G.S. 15-173.

The elements of the crime defined in G.S. 14-180 and the evidence required to support a conviction therefor are fully stated in *S. v. Smith,* 223 N.C. 199, 25 S.E. 2d 619, and cases cited. Here, the prosecutrix testified as to each essential element; and, as to each essential element, there was independent supporting evidence. Hence, defendant's said motion was properly denied.

As to defendant's assignments of error directed to the court's instructions, consideration thereof does not disclose error of such prejudicial nature as to justify a new trial.

We deem it unnecessary and inappropriate to set forth the evidence. Suffice to say, while defendant's testimony, in material respects, was in conflict with that offered by the State, the factual issues were properly submitted to the jury and were resolved by the jury adversely to defendant.

No error.