STATE OF NORTH CAROLINA v. WILLIAM P. HOWELL.

(Filed 15 April, 1964.)

**1. Criminal Law § 100—**

Where defendant does not renew his motion for nonsuit at the close of all the evidence he waives his motion made at the close of the State's evidence, and the matter is not subject to review in the Supreme Court.

**2. Indictment and Warrant § 10—**

The fact that defendant's name does not appear in the affidavit upon which the warrant in arrest was issued is not fatal when the warrant itself identifies defendant by name.

APPEAL by defendant from *Bickett, J.,* October Criminal Session 1963 of WAKE.

The defendant was tried in the Municipal Court of the City of Raleigh upon a warrant charging that he did wilfully and unlawfully drive an automobile on the public highways of Raleigh Township and upon the public streets of the City of Raleigh while under the influence of liquor, this being a second offense, *et cetera.*

The defendant was adjudged guilty and from the judgment imposed he appealed to the Superior Court of Wake County where he was tried *de novo* on the same warrant.

The jury returned a verdict of guilty as charged. The court imposed a prison sentence of eighteen months which was suspended upon condition that the defendant pay a fine of $300.00 and costs and that he not operate a motor vehicle on the highways of the State of North Carolina for a period of three years.

The defendant appeals, assigning error.

*Attorney General Bruton, Deputy Attorney General Harry W. McGalliard for the State.*

*Earle H. Purser for defendant.*

PER CURIAM. The defendant assigns as error the failure of the court below to sustain his motion for judgment as of nonsuit made at the close of the State's evidence and not renewed at the close of all the evidence.

The defendant testified in his own behalf and introduced other evidence.

The failure of the defendant to renew his motion at the close of all the evidence constituted a waiver of his right to insist upon his first motion and it is not subject to review in this Court. G.S. 15-173; *S. v. Hayes,* 187 N.C. 490, 122 S.E. 13; *S. v. Chapman,* 221 N.C. 157, 19 S.E. 2d 250; *S. v. Epps,* 223 N.C. 741, 28 S.E. 2d 219; *S. v. Leggett,* 255 N.C. 358, 121 S.E. 2d 533. However, the State's evidence adduced in the trial below was sufficient to carry the case to the jury. Furthermore, the defendant's own testimony was sufficient to support the verdict.

The defendant assigns as error the refusal of the court below to sustain his motion in arrest of judgment on the ground that the name of the defendant did not appear in the affidavit upon which the warrant of arrest was issued and which is partly in these words: "These are therefore to command you forthwith to apprehend the said William P. Howell * * * to answer the above charge set forth in the affidavit, and be dealt with according to law." This assignment of error is overruled on authority of *S. v. Poythress,* 174 N.C. 809, 93 S.E. 919, and *S. v. Hammonds,* 241 N.C. 226, 85 S.E. 2d 133.

The rulings of the court below from which appeal was taken are Affirmed.