STATE OF NORTH CAROLINA v. BOBBY W. GREEN, JR.

No. 8118SC672

(Filed 15 December 1981)

1. Bastards § 5.1— paternity test results—competency of witness

The director of paternity testing in the immunology lab of Bowman-Gray School of Medicine was qualified under G.S. 8-50.1 to testify as to the results of paternity tests administered to defendant, the natural mother and the child although he did not personally perform the tests.

**2. Bastards § 5— failure to support illegitimate child—mother's opinion as to resemblance of child to defendant**

In a prosecution for willful refusal to support an illegitimate child, testimony by the child's mother that her forehead and side view resembled that of defendant, if improper, did not constitute prejudicial error since the child was introduced into evidence, defendant was present in the courtroom, and the jury was, therefore, free to observe both the defendant and the child and reach its own conclusion as to any similarities in appearance.

**3. Bastards § 5— failure to support illegitimate child—ability of defendant to work**

In a prosecution for willful failure to support an illegitimate child, a child support enforcement officer could properly state his opinion that defendant was presently able to work based on his conversations with and observations of defendant.

APPEAL by defendant from *Washington, Judge.* Judgment entered 20 November 1980 in Superior Court, GUILFORD County. Heard in the Court of Appeals 8 December 1981.

Defendant was convicted of willfully neglecting and refusing to provide adequate support for his illegitimate child.

*Attorney General Edmisten, by Assistant Attorney General Ben G. Irons II, for the State.*

*Assistant Public Defender Frederick G. Lind, for defendant appellant.*

VAUGHN, Judge.

Defendant brings forward three assignments of error. None of them disclose prejudicial error.

[1] Defendant's first assignment of error relates to testimony by Dr. Dove concerning the paternity tests administered to defendant, the natural mother, and the child. Defendant argues that Dr. Dove did not personally perform the tests. He, therefore, should not be allowed to testify to their results and to the possibility that defendant is the child's natural father. G.S. 8-50.1, however, specifically allows such testimony: "The results of those blood tests and comparisons, including the statistical likelihood of the alleged parent's parentage, if available, shall be admitted in evidence when offered by a duly qualified, licensed practicing physician, duly qualified immunologist, duly qualified geneticist, or other duly qualified person."

Dr. Dove is the director of paternity testing in the immunology lab of Bowman-Gray School of Medicine. He, therefore, is a duly qualified person under G.S. 8-50.1. Since G.S. 8-50.1 allows testimony of paternity test results without requiring personal performance of the test, defendant's objection is overruled. We also overrule defendant's objections to Dr. Dove's testimony explaining the paternity test.

[2] Defendant next assigns as error the admission of opinion testimony by the natural mother. The district attorney asked her, "Now, would you look at your daughter and Mr. Green and tell us if she bears any relationship to Mr. Green." Overruling objections by defendant, the court allowed the witness to reply, "To me, the forehead, she has the forehead and the side view." Defendant argues that the opinion invaded the province of the jury.

Even if the question by the district attorney was improper, we fail to find prejudicial error. Where paternity is in issue, the child may be exhibited to show a resemblance to the alleged father. 1 Stansbury, N.C. Evidence § 119 (Brandis rev. 1973). Here, the child had been introduced into evidence as State's Exhibit No. 3. Although the defendant did not take the stand, he was present in the courtroom. The jury was, therefore, free to observe both the defendant and child and reach its own conclusion as to any similarities in appearance. *See also State v. Brackett*, 218 N.C. 369, 372, 11 S.E. 2d 146, 148 (1940).

[3] Defendant's final argument is that the court erred in allowing hearsay evidence concerning defendant's alleged work record. The child support enforcement officer assigned to the mother and child's case, testified concerning defendant's ability to work. At one point, the officer referred to his file in answer to a question about when defendant had earlier had a job. The record is unclear as to whether the witness checked his file before or during trial. The witness, however, clearly stated in later testimony that his opinion that defendant was presently able to work was based on his conversations with and observations of defendant. Since the witness' opinion was based on personal knowledge, defendant's assignment of error is without merit.

No error.

Judges WEBB and HILL concur.