Battle, J.
 

 The objections to the admission of testimony, made by the prisoner on the trial, raise two questions for our consideration, of which, one is subordinate to the other. The first and main question is, whether, when a witness is sought to be impeached by proof of former statements, inconsistent with his testimony on the trial, it is competent for the party or prosecutor who has introduced him, to prove other consistent statements for the purpose of corroborating him. Upon this question, the English authorities are conflicting, and it is very difficult, if not impossible, to reconcile them.
 
 Hawk. 2,
 
 ch. 46, sec. 46, and
 
 Gilbert in his treatise on evidence,
 
 150, (4th Ed.) followed by
 
 MacNally,
 
 1 Vol. 378, and the case of
 
 Luttrell
 
 v.
 
 Regnell,
 
 1 Mod. Rep. 284, support the affirmative, while Judge Belles. in his
 
 Nisi Prius 294,
 
 
 *328
 
 doubts of, and in
 
 Parlter’s case,
 
 3 Doug. Rep. 242, (20 Eng. C. L. Rep; 95,) dissents from the position, and declares for the negative ; in which it is said that he has the sanction of the great names of Lords Redesdale and Eldon. The modern writers on the subject of evidence, in this conflict of authorities, have endeavored to effect a compromise by laying it down as a rule, that, when the counsel of the opposite party imputes a design in the witness to misrepresent, from some motive, of interest or friendship, it may, in order to repel such imputation, be proper to show that the witness made a similar statement at a time when the supposed motive did not exist, or when motives of interest would have prompted him
 
 to
 
 make a different statement of facts. 1
 
 Phil, on JEv.
 
 293.
 
 Roscoe’s Grim Ev.
 
 142. But however it may be in England, we consider it settled in this State, that such confirmatory testimony is admissible. In the case of
 
 Johnson
 
 v. Patterson, 2 Hawks Rep. 183, Chief Justice Taylor declared, that, where evidence of inconsistent statements of a witness is introduced by the adverse party, it is proper to permit the party who called the witness, to prove other statements conforming to the testimony given on the trial; and in support of this he relied upon the
 
 authority of Gilbert.
 
 In the
 
 State
 
 v.
 
 Twitly,
 
 2 Hawks Rep. 449, the Court extended the rule, and held that, in all cases where the credibility of the witness is attacked, from the nature of his evidence, from his situation, or from imputations directed against him in cross-examination, confirmatory evidence of this kind is admissible. In neither of these cases is the distinction, taken in
 
 Phillip’s
 
 and
 
 Roscoe,
 
 adverted to ; and we think that it is a distinction, which applies more properly to the
 
 weight
 
 than to the
 
 competency of the
 
 testimony. No objection was made on the trial, and none is insisted on in the argument here, to the time when the. testimony was offered. As soon as the prisoner’s counsel announced their intention to introduce the discrediting testimony,
 
 it
 
 
 *329
 
 became proper to bring forward the confirmatory evidence. But if it had been improper then, it was made competent afterwards by the introduction on the part of the prisoner of the impeaching testimony.
 
 Smith
 
 v.
 
 Smith,
 
 8 Ired. Rep. 29. Upon the main question of evidence then, we all agree in opinion, with the Judge in the Court below.
 

 The subordinate question is, whether such confirmatory testimony can be given by the impeached witness himself, that is, can he testify to his own former declaration, consistent with his testimony given on the trial. The majority of us, Nash, J.
 
 dissent.,
 
 hold, that he can, and we so hold, because we are unable to discover any principal, by which the testimony can be excluded. We have all just agreed that the question is a proper one to be asked of
 
 some
 
 witness, and why may it not be answered
 
 by any
 
 witness, who is not forbidden to answer it on any one or more of the grounds of objection to the competency of witnesses
 
 1
 
 These grounds — and they are said by the highest authority to be the only, grounds — are want of reason, defect of religious belief, infamy, and interest. Lawrence, Justice, in
 
 Jordaine
 
 v.
 
 Lashbrook,
 
 7 Term Rep. 610, 1
 
 Phill. on Ev.
 
 18. The witness here is obnoxious to none of these objections. The testimony, it is true, is obviously of so weak and unsatisfactory a character, that we are surprised it was offered ; but having been offered, and being of a kind proper in itself, and sworn to by a witness competent to testify in the cause, we can perceive no reason why it should have been excluded.
 

 There is certainly no pretence for arresting the judgment for the cause assigned. The transcript of the record is duly certified to us, and it is now perfect, and we cannot enquire how it became so.
 
 State
 
 v. King. 5 Ired. Rep. 203. Besides a judgment can be arrested only for errors or defects, apparent on the record, but not for such as
 
 *330
 
 require to be brought to the notice of the Court by proof
 
 aliunde.
 

 It must be certified to the Court below, that there is no error in the record.
 

 Pas Cukiam. Ordered accordingly.