THE STATE v. L. G. SYKES.

*Criminal Practice — Justice's Warrant — Amendment — Liquor Selling.*

1. Where a warrant before a Justice of the Peace is informal, it may be aided by the affidavit if it refers to it, the warrant and affidavit being constituent parts of the same procedure; and, if the Court can see from them that the offence is sufficiently charged, it will be sustained.

2. The Court has power to allow either a warrant or the affidavit to be amended.

3. It is not necessary that a warrant should conclude, "against the form of the statute."

4. Where the sale of liquor is made criminal within four miles of a certain locality, and the defendant, who had a distillery more than four miles from that locality, agreed with a party within the four miles to sell him liquor, which was also delivered within the four miles: *Held*, that it was a sale within the four miles, and consequently a misdemeanor.

INDICTMENT, tried before *Bynum, J.,* at Spring Term, 1889, of ORANGE Superior Court.

In this action, began in the Court of a Justice of the Peace, the defendant is charged with selling spirituous liquors in violation of the statute (*The Code*, §§ 2640, 2646).

The following is a copy of the affidavit made before the Justice of the Peace, and the warrant issued thereupon by him :

"STATE OF NORTH CAROLINA,     Chapel Hill Township.
   "Orange County.     *Before W. H. Cunningham, J. P.*

"A. J. McDade, for the Town Commissioners, being duly sworn, complains and says that, at and in said county, and in Chapel Hill township, on or about the first day of December, 1888, L. G. Sykes did sell to Jack Barbee spirituous liquors, and, directly or indirectly, received compensation therefor at Chapel Hill, or within less than four miles thereof, contrary to law and against the peace and dignity of the State.

              (Signed)       "A. J. McDADE.

"Sworn and subscribed before me, the 12th day of March, 1889.

              "W. H. CUNNINGHAM, *J. P.*"

"STATE OF NORTH CAROLINA,
       "*To any lawful officer of Orange County*—GREETING :

"You are hereby commanded forthwith to arrest L. G. Sykes, and him safely keep, so that you have him before me

at my office in Chapel Hill, or some other magistrate of said county, immediately, to answer the above complaint and be dealt with as the law directs.

"Given under my hand and seal, the 12th day of March, 1889

(Signed) " W. H. CUNNINGHAM, J. P."

By virtue of such warrant, the defendant was arrested, and, at the trial, the Justice of the Peace gave judgment against him, from which he appealed to the Superior Court. In the latter Court, his counsel moved to quash the warrant, upon the grounds—first, that it failed to charge the sale to have been made "unlawfully or wilfully"; secondly, that it was void for uncertainty in using the disjunctive "or," and did not charge either the offence of selling or receiving compensation, or that the offence was committed in Chapel Hill or within four miles of the corporate limits; thirdly, that it did not conclude, "contrary to the form of the statute in such case made and provided."

Thereupon, the Solicitor for the State moved to amend the warrant. The Court denied the motion to quash, and allowed the motion to amend the same by striking out of it the words "to answer the above complaint and be dealt with as the law directs," and inserting in lieu thereof the words "to answer the charge that the defendant L. G. Sykes did sell to one Jack Barbee, on December the 1st, 1888, spirituous liquors, within four miles of the corporate limits of Chapel Hill."

The defendant excepted, and pleaded "not guilty."

On the trial, Jack Barbee, a witness for the State, testified as follows: "Last December I got liquor from the defendant. He was at Floyd's Mill, about four hundred yards from Chapel Hill; gave him a jug; said he had none, but would send it down by his wagon. A day or two after this, I met him and paid him the money, and next day I got the whis-

key at his house in Chapel Hill. I paid him two dollars. Defendant had a distillery twelve miles from Chapel Hill."

On cross-examination, this witness said: "I don't know whether I paid for the liquor inside of the corporation or not; I paid for it at Floyd's shop. He told me he had no liquor, but would send to the distillery and have it brought down. I got it from his wife I asked him to send to his distillery and get the whiskey for me."

Another witness testified that "Floyd's shop is outside of the corporation and within four miles of Chapel Hill."

The defendant asked the Court to instruct the jury "that, unless the jury are satisfied that the contract at Floyd's Mill was relative to a particular gallon of whiskey then set apart at Sykes' distillery, there was no sale within Chapel Hill."

The Court declined to charge the jury, and the defendant again excepted.

The Court then told the jury that if they found "from the evidence that the defendant, within four miles of Chapel Hill, contracted with the witness Barbee to sell him a gallon of whiskey and received the money for it, and two days after that he delivered to Barbee the gallon of whiskey, in Chapel Hill, under the contract made within four miles of Chapel Hill, the defendant was guilty." The defendant again excepted.

There was a verdict of guilty, and judgment against the defendant, from which he appealed.

*The Attorney General* and *Mr. John Manning,* for the State.
*Mr. John W. Graham,* for the defendant.

Merrimon, J.—after stating the case: Procedure in actions and proceedings before Justices of the Peace are generally more or less informal and summary. They are favored by every reasonable intendment, and are to be helped by the free exercise of the large powers conferred by the statute

(*The Code*, § 908) upon the Courts where the actions in which they appear may be pending, to amend them as to form or substance, at any time before or after judgment. *State* v. *Smith*, 103 N. C., 410, and the cases there cited.

In this case, an affidavit was first made. It and the State warrant, founded and issued upon it, must be taken together. While the criminal charge might be embodied and charged, however informally, in the warrant, it may be charged in the affidavit as well, and each may and will aid the other, there being a reference in the warrant to the affidavit. They together constitute one, and they are constituent parts of the same procedure, and will be sufficient, if the Court can see from the whole that the offence is charged. This will suffice to give the defendant such information as will enable him to make defence, and to plead former acquittal or conviction, in case of a subsequent prosecution. Moreover, if the Court found the charge so made defective in form or substance, it had power, as we have seen, to allow proper amendments to perfect the same.

We are clearly of opinion that the grounds assigned in support of the motion to quash are untenable. The charge was sufficiently made in the affidavit taken in connection with the warrant. It is charged in the affidavit, in substance and effect, that about the time specified therein the defendant, within the county of Orange, and within four miles of Chapel Hill, unlawfully sold to the person named spirituous liquors and received compensation therefor against the peace and dignity of the State. The amendment allowed served to make the charge thus made somewhat more specific as to the distance from Chapel Hill within which the sale of spirituous liquors was made and the price thereof paid. It is certainly sufficient in criminal actions like this, before a Justice of the peace, to charge that the offence charged was "contrary to law." But the sale, as charged, taken in connection with the statute forbidding such sale,

implies that it was unlawful and criminal. The disjunctive "or" in the affidavit complained of was not material, because, whether the sale was made in Chapel Hill, or within four miles of that place, the offence was complete and the charge sufficient. Obviously, it was not necessary that the affidavit, or warrant, should conclude "against the statute." (*The Code,* §§ 1183, 1189.)

Accepting the evidence as true, in no reasonable view of it was it agreed or understood by the prosecuting witness and the defendant that the latter sold and delivered to the former a particular gallon, or any quantity, of whiskey, at the distillery twelve miles distant, and hence, the defendant was not entitled to the special instruction to the jury asked for.

The evidence went strongly to prove an agreement made within four miles of Chapel Hill on the part of the defendant to sell the person named in the affidavit spirituous liquor which was not present at the time to be delivered; that afterwards, as contemplated by the parties, it was delivered and paid for within four miles of the place mentioned. This was its fair and only reasonable import, and the instructions given by the Court were correct.

The statute (*The Code,* § 2646) prohibits the sale of spirituous liquors in Chapel Hill, or within four miles of its corporate limits, and section 2646 makes it a misdemeanor to do so.

Affirmed.