STATE v. J. A. WOODARD.

(Decided October 10, 1898.)

*Unlawful Fishing in Albemarle Sound—Venue.*

1. Regulation of fishing in the navigable waters of the State, is within the power of the Legislature.

2. *Venue* is under the control of the Legislature.

3. Improper *venue* to be objected to by plea in abatement.

INDICTMENT for unlawful fishing in the waters of Albemarle Sound, tried before *Brown, J.*, at Spring Term of the Superior Court of BERTIE County.

The defendant was indicted under Chapter 51, Acts 1897, which prohibits the setting of any anchor, drift, or staked gill nets in Albemarle Sound over 20 yards in length for the purpose of catching fish.

The Act further provides that upon conviction of its violation in the Superior Court of any of the counties bordering on Albemarle Sound, the offender shall be fined, &c.

There was a special verdict that the defendant set certain gill nets for the purpose of fishing in the waters of Albemarle Sound, twenty yards long, fastened together, ten in number, with cords at top and bottom, the space between each net being not more than six inches, but when set during ordinary wind and tide, the space midway between the top and bottom lines of the nets was from three to six feet between the nets.

That if setting the aforesaid nets as aforesaid is a violation of the law, the defendant did the act wilfully and knowingly.

Upon the special verdict the court rendered a judgment of guilty, and defendant appealed.

STATE *v.* WOODARD.

*Mr. W. M. Bond,* for defendant (appellant.) .

*Messrs. Francis D. Winston* and *R. B. Peebles* with *Mr. Zeb V. Walser, Attorney General,* for the State.

FURCHES, J.: This is an indictment under Chapter 51, Acts 1897, for unlawfully fishing in the waters of Albemarle Sound. The Statute is singularly drawn and its policy is not apparent to us. It is contended on behalf of the State that its object is to protect the citizens from the depredation of persons from other States, while it is contended by the defendant that its object is to destroy the small fisheries in the interest of the large beach seine fisheries. And it seems rather singular that a gill net 80 yards long is permitted to be used in Roanoke River, one fourth of a mile wide, while one not more than 20 yards long is allowed to be used in Albemarle Sound, which is from 6 to 12 miles wide. But we have nothing to do with these matters of policy further than they may assist us in putting a proper construction upon the Act of the Legislature, under which the defendant is indicted. And as neither the evil to be remedied nor the benefit to be attained by this statute is apparent, we are furnished no aid from this source.

The defendant contends that this Act is unconstitutional, as it interferes with the natural right of a citizen of the State to fish in its navigable waters. But this question seems to have been decided against the contention of the defendant. *Rae* v. *Hampton,* 101 N. C., 51.

The defendant also objects to the venue, in Bertie, and says that it should have been in Chowan County. But this is a matter under the control of the Legislature, and upon examination of the Act it is found that Bertie is included in the counties where the indictment

STATE *v.* WOODARD.

may be had. Besides, if there was ground for this objection it should have been taken by plea in abatement.

This brings us down to the question as to whether the matters found in the special verdict were a criminal violation of the Act under which the defendant is indicted, and we are of the opinion that they were; that under this Act he could only fish with nets 20 yards long. The defendant for some reason, and we must suppose for the purpose of evading the penalty of this Act, cut his nets up into sections of 20 yards in length, then tied half a dozen of them together, leaving only six inches between them, and puts them out. This, to our minds, was rather a stupid device to evade the penalty of the statute. It is like the case where the defendant, to evade the penalty of the law for retailing liquor by the small measure, would sell his customer a cob for a dime and then give him a drink for buying one of his cobs. The Court said this would not do. Another liquor dealer would leave a bottle of liquor on a table, with a slot in the table, where his customers would find it, trusting to their honor to drop a nickle in the slot every time they took a drink. But the Court said this would not do; that these were efforts to evade the law by means of these stupid devices which the law would not allow.

And so it was with the defendant in this case. Such attempts to evade the law cannot be allowed to succeed. The judgment is affirmed.

Affirmed.