STATE v. H. N. PACE.

(Filed 28 May, 1912.)

1. Motion to Quash—Plea in Abatement—Court's Discretion—Appeal and Error—Practice.

A plea in abatement or a motion to quash a bill of indictment, made after the plea of not guilty is entered, is only allowed in the discretion of the trial court, which will not be reviewed on appeal.

2. Motion to Quash—Plea in Abatement—Waiver.

One who fails, with full knowledge of the facts, to file his plea in abatement in apt time will be deemed to have waived his rights thereto.

3. Seduction—Breach of Promise—Evidence—Testimony of Wife—Corroboration—Interpretation of Statutes.

While the statute provides that "the unsupported testimony of the woman shall not be sufficient to convict" for seduction under promise of marriage (Revisal, sec. 3354), it does not limit or define the character of the corroborating testimony required.

4. Same—Statements Made to Others.

In an action for seduction under a breach of promise of marriage (Revisal, sec. 3354), evidence of statements made to others that the prosecutrix and the defendant were to be married is competent to corroborate the testimony of the prosecutrix that the defendant had offered and promised to marry her, and with other evidence in this case of his registering with her as man and wife at a hotel, his misstatements as to the marriage license and as to his not being a married man, etc., told by her to others before and after the act of seduction, and corroborated by them, is held sufficient for a conviction.

APPEAL from *Carter, J.,* at October Term, 1911, of CRAVEN.

The defendant was indicted under section 3354 for seduction under promise of marriage. There was a verdict of guilty, followed by judgment sentencing the defendant to the State Prison, from which judgment the defendant appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Moore & Dunn for defendant.*

BROWN, J. 1. At the conclusion of the testimony of Henriette Dougherty, the prosecutrix, who testified for the State, the defendant filed a plea in abatement, averring that the said indictment could not be maintained in the county of Craven, but should be tried in the county of New Hanover, where the alleged act of seduction, according to testimony of the said witness, occurred. His Honor overruled the plea. The defendant excepted.

The findings of the judge show that at the preliminary hearing of this case when the defendant was bound over, all of the facts set out in the plea of abatement appeared in evidence, and the defendant was present and represented by counsel. He knew at the time when the indictment was tried and before the jury was impaneled what the testimony of the prosecuting witness would be. He had ample opportunity to file his plea in abatement in apt time.

It is well settled that a plea in abatement or a motion to quash a bill of indictment made after the plea of not guilty is entered is only allowed in the discretion of the court. His Honor declined, in his discretion, to permit the plea to be filed. The exercise of his discretion is not reviewable by us. *S. v. Jones,* 88 N. C., 672.

Assuming that the county of New Hanover was the proper venue, the defendant, having full knowledge of the facts which the State relied upon, is deemed to have waived the point by not filing his plea in abatement in apt time. *S. v. Holder,* 133 N. C., 709; *S. v. Woodard,* 123 N. C., 710.

2. It is contended by the defendant that there is not sufficient corroborating evidence to the testimony of the prosecutrix. The statute provides that "the unsupported testimony of the woman shall not be sufficient to convict," but it in no sense limits or defines the character of the corroborating testimony required. That is to be determined by the ordinary rules of evidence.

There are three essentials to a conviction under this statute: First, the criminal act; second, that it was the seduction of an innocent and virtuous woman; and, third, that it was done under promise of marriage. The first is admitted by the de-

fendant; the second is proven practically by all the evidence in the case, and is really not disputed so far as the character of the woman is concerned; the promise of marriage is testified to by the prosecutrix and corroborated fully by her declarations made before the seduction as well as afterwards.

It is settled that statements to others that the prosecutrix and the defendant were going to be married are competent for the purpose of corroborating the testimony of the prosecutrix that the defendant had offered and promised to marry her. *S. v. Kincaid,* 142 N. C., 657; *S. v. Whitley,* 141 N. C., 823.

The evidence tends to prove that the defendant was a married man working in the railroad shops at New Bern, and that his wife and children were living with his father at Richmond; that the prosecutrix was employed as a waitress at a hotel, and that she first became acquainted with the defendant in February of that year; that she testified positively that she did not know that he was a married man, and that he represented himself as a single man, and repeatedly offered to marry her; that they went on excursions together to Morehead City and other places; that they were engaged to be married in January; that he told her that he could not wait until January, and desired her to marry him in August; he called regularly to see her on Sunday and Wednesday nights; they frequently went out together in public; they went to Wilmington on Sunday to get married, the defendant stating that he had prepared to have the marriage license ready and the marriage take place.

At Wilmington they went to a hotel. The defendant registered as "H. M. Pace and wife"; they were assigned to a room, when the alleged seduction was accomplished. Immediately afterwards the defendant said that there was some miscarriage about the marriage license and they would have to go somewhere else to be married. He constantly made excuses, deferring the marriage.

All of these details were communicated by the prosecutrix to others and corroborated by them after she found the defendant could not marry her. The promise of marriage and the attention of defendant to her were made known to her friends before the trip to Wilmington.

We think that the evidence corroborates the testimony of the prosecutrix in every particular, and that upon all the evidence the verdict of the jury was well warranted.

It is well settled in this State that when a witness is impeached upon cross-examination or otherwise, and it is necessary to sustain the testimony by corroborative evidence, proof of declarations made to others similar to the testimony given in evidence on the trial may be proved by the witness who made them and the persons to whom they were made. *S. v. George*, 30 N. C., 324; *March v. Harrell,* 46 N. C., 329; *S. v. Whitfield,* 92 N. C., 831.

In addition to this character of corroborating evidence, we think there is evidence of admissions by the defendant, and of his conduct towards the prosecutrix while he was in jail, which tends to corroborate the charge of the State that the seduction took place under promise of marriage, and the prosecutrix being ignorant of the fact that the defendant was married.

Upon a review of the whole record, we find no error which we think is of sufficient importance to justify us in ordering another trial. We have carefully examined the remaining assignments of error, and find them without merit.

No error.