STATE v. FRANK CLINE.

(Filed 8 December, 1915.)

**1. Criminal Law—Seduction—Breach of Promise—Requisites.**

For conviction for seduction under promise of marriage it is necessary to show the criminal act, submission thereto by the prosecutrix under the promise, and that she was innocent and virtuous.

**2. Criminal Law—Seduction—Prosecutrix's Evidence—Corroboration.**

Upon trial for seduction under promise of marriage, evidence tending to show that the defendant told the witness that he was in trouble with regard to the prosecutrix, and asked his advice, and upon being asked if he had promised the prosecutrix to marry her, replied "that they had talked together of getting married," is sufficiently corroborative of the direct testimony of the prosecutrix in that respect to make her evidence competent.

**3. Criminal Law—Seduction—Virtuous Woman—Evidence.**

To convict of the offense of seduction under breach of promise of marriage, it is required that the innocence or virtue of the woman must be shown, or that she had not theretofore had sexual relation with another; and though the general character of the prosecutrix for virtue is highly corroborative, she alone is capable of giving direct evidence on the subject.

APPEAL by defendant from *Shaw, J.*, at August Term, 1915, of BURKE.

Indictment for seduction under promise of marriage. The defendant was convicted and sentenced to the penitentiary, and from the judgment rendered, appeals to this Court.

· *Attorney-General Bickett* and *Assistant Attorney-General Calvert* for the State.

*Spainhour & Mull* for defendant.

BROWN, J. The defendant is indicted under section 3354 of the Revisal, which provides that if any man shall seduce an innocent and virtuous woman under a promise of marriage he shall be guilty of a felony. It is provided that the unsupported testimony of the woman shall not be sufficient to convict. Under this statute there are three essentials to a conviction: First, the criminal act itself; second, that the woman was induced to submit because of a promise of marriage; and, third, that the woman herself was an innocent and virtuous woman. *S. v. Pace,* 159 N. C., 462.

The first of these essentials is testified to by the prosecutrix as well as admitted by the defendant. There is evidence tending to prove that the prosecutrix submitted to the wishes of the defendant by reason of a promise of marriage. The statute says that the unsupported testimony of the woman shall not be sufficient to convict. There is evidence tending to corroborate and support her testimony as to the promise of marriage.

Burt Williams, a witness for the State, testifies that the defendant told him he was in trouble and wanted some advice. "I asked him if he had promised to marry Miss Addie. He never answered whether he had or not, but hesitated and said that they had talked of getting married." This evidence, we think, was sufficient to go to the jury as supporting evidence, but we are of opinion that there is not sufficient evidence to convict upon the third essential.

Sexual intercourse is not an indictable offense under this statute, nor is seduction itself a criminal offense, but it is the seduction of an innocent and virtuous woman under the promise of marriage that constitutes a criminal offense. As has been said: "The purpose of this statute is to protect innocent and virtuous women against wicked and designing men, who know that one of the most potent of all seductive arts is to win love and confidence by promising love and marriage."

An innocent woman, within the meaning of this statute, has been defined to be "one who had never had actual illicit intercourse with a man." *S. v. Horton,* 100 N. C., 447.

There is evidence in this case tending to prove in a general way that the prosecutrix is a woman of good character, and that is strengthening

evidence to the testimony of any witness, but there is no substantive evidence in this record that the prosecutrix is an innocent woman. She fails entirely to testify that she has never had illicit sexual intercourse, a ·fact necessarily known to herself better than to any one else.

For these reasons we think the evidence fails to come up to the standard required by law.

New trial.