STATE v. CHARLES OUTLAW.

(Filed 4 May, 1955.)

**1. Indictment and Warrant § 10—**

Where defendant's name appears in the warrant and the warrant expressly refers to the affidavit upon which it is based, the fact that defendant's name does not appear in the affidavit is not fatal.

**2. Husband and Wife § 20: Criminal Law § 56—**

A warrant charging that defendant willfully failed to provide adequate support for his wife and children, but failing to charge that he willfully abandoned either the wife or the children, is insufficient under G.S. 14-322, and motion in arrest of judgment is allowed.

**3. Same—**

A warrant charging that defendant willfully neglected and refused to provide adequate support for his wife and children, without alleging that defendant committed the offense "while living with his wife," is insufficient under G.S. 14-325, and motion in arrest of judgment is allowed.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Sink, E. J.,* at special February Criminal Term 1955, of GASTON.

Criminal prosecution upon warrant issued out of Domestic Relations Court of Gaston County, as the record on this appeal shows, in words and figures following:

"WARRANT

"NORTH CAROLINA, GASTON COUNTY

IN THE DOMESTIC RELATIONS COURT
Before William J. Allran, Jr., Judge

"THE STATE
    *v.*
CHARLES OUTLAW

"Dorothy Outlaw, being duly sworn, complains and says that on or about the 18th day of July, 1954, with force and arms, at and in the County aforesaid, did willfully, maliciously, unlawfully and feloniously fail to provide adequate support for his wife and his two children against the Statute in such cases made and provided, against the peace and dignity of the State.

"x  Dorothy Outlaw  (s)  Complainant.

"Sworn to and subscribed before me, this the 18th day of July, 1954.
"E. H. Heafner, DC  (s)
J. P. (Seal) or Clerk.

"State of North Carolina: To the Sheriff, Chief of City or Rural Police, or other lawful officer of Gaston County, Greetings: These are to command you to apprehend the said Charles Outlaw and him have before Judge Allran, the Judge, in the Domestic Relations Court, at Gastonia, North Carolina, on the ...... day of Next Term, 19 ... .., then and there to answer the above complaint and be dealt with according to law.

"Given under my hand and seal this the 18th day of July, 1954.

　　　　　　　　　　"E. H. Heafner, DC　(s)　J. P.
　　　　　　　　　　　　(Seal)　or　Clerk."

The record and case on appeal show:

1. The above warrant was served on defendant on 18 July, 1954, and he gave bond for his personal appearance at a session of said Domestic Relations Court to be held in Gastonia, N. C., on 20 July, 1954, "and answer the above charge and not depart the court without leave," etc.

2. That Judgment D#54-743 of said court shows as of 16 November, 1954, these entries: "Defendant, Charles Outlaw, now present in court, represented by Honorable Max Childers, is charged with abandonment and non-support of his wife and two minor children. Defendant submitted a plea of Not Guilty. The court entered a verdict of Guilty. Prayer for judgment continued for a period of two years" upon conditions stated.

3. That on 14 January, 1955, the Clerk of said Domestic Relations and Juvenile Court issued a capias for Charles Outlaw to have him before the Judge of said court at stated time and place "then and there to answer the charge of non-support."

4. That under date 1 February, 1955, the Judge of said Domestic Relations and Juvenile Court of the city of Gastonia and Gaston County entered judgment, in which after reciting the continuance of prayer for judgment, on the conditions stated, as hereinabove set forth, "and it appearing to the court and the court finding as a fact that the conditions under which said prayer for judgment was rendered have been violated, and the Counselor having prayed judgment against this defendant, . . . that·the defendant Charles Outlaw be confined in the common jail of Gaston County for a term of six months, to be assigned to work . . . Commitment to issue this date." From this judgment defendant appealed to Superior Court of Gaston County.

That at the call of the case in Superior Court, defendant, through his counsel, "made a motion for a trial *de novo* upon the theory that no final judgment was entered on the 16th day of November, 1954, and that the judgment and proceedings of February 1, 1955, were merely a consummation upon the continued prayer for judgment . . ." Motion denied. Exception No. 1.

6. That then "as to the charge of failing to provide adequate support for his wife and two children, the defendant, Charles Outlaw, entered a plea of not guilty. No jury was chosen. The court entered a verdict of Guilty of willfully failing and refusing to comply with the terms and conditions of the judgment entered by the Domestic Relations Court." That thereupon and therefore on 14 February, 1955, the Judge of Superior Court in all respects confirmed the judgment pronounced by the Domestic Relations Court as aforesaid, and directed that the defendant be placed in custody and commitment to issue for the enforcement of the sentence under said judgment. Exception No. 2. Defendant appeals therefrom to Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Max L. Childers and Hugh W. Johnston for defendant, appellant.*

WINBORNE, J.   While on this appeal no point is made of the fact that the name of defendant is not mentioned in the affidavit upon which the warrant on which he stands charged is based, it appears upon the face of the record that his name does appear in the warrant and that the warrant expressly refers to the affidavit. Therefore, in the light of the holdings of this Court in the case of *S. v. Hammonds,* 241 N.C. 226, 85 S.E. 2d 133, such defect would not be fatal.

However, defendant moves in this Court in arrest of judgment chiefly upon this ground: That upon the face of the record a fatal defect appears in that the warrant fails to charge defendant with the commission of any criminal offense either under G.S. 14-322 or G.S. 14-325.

In this connection G.S. 14-322, as it is now amended, declares in pertinent part that: "If any husband shall willfully abandon his wife without providing her with adequate support, or if any father . . . shall willfully abandon his . . . child or children, whether natural or adopted, without providing adequate support for such child or children, he . . . shall be guilty of a misdemeanor."

This Court, recently considering the provisions of G.S. 14-322, as above quoted, in the case of *S. v. Lucas, ante,* 84, opinion by *Bobbitt, J.,* restated the principle therein that in a prosecution thereunder "the State must establish (1) a willful abandonment, and (2) a willful failure to provide adequate support," citing cases. And in the *Lucas case* the Court went on to declare that "G.S. 14-322 now defines clearly two separate and distinct offenses, and that if the State desires to prosecute for both offenses, each offense should be fully charged in a separate bill of indictment or as a separate count in the bill of indictment."

Testing the warrant in present case by these principles interpretive of the provisions of G.S. 14-322 it appears that the warrant fails to charge willful abandonment of either the wife or the children. Hence defendant was found guilty of an offense with which he is not charged.

Moreover, G.S. 14-325 declares in pertinent part: "If any husband, while living with his wife, shall willfully neglect to provide adequate support of such wife or the children which he has begotten upon her, he shall be guilty of a misdemeanor . . ."

Testing the warrant here under consideration by the provision of G.S. 14-325, as just quoted, it is seen that there is a failure to allege that defendant committed the offense charged "while living with his wife." And the verdict rendered by the Judge of the Domestic Relations Court does not purport to be accordant with or pursuant to the provisions of G.S. 14-325.

In the light of the factual situation thus portrayed, the warrant is not sufficient to support the conviction of defendant as shown in the record, and the judgment pursuant thereto.

Nevertheless if it be deemed advisable, a new prosecution may be instituted.

In the light of this opinion the motion in arrest of judgment is allowed.

Judgment arrested.

BARNHILL, C. J., took no part in the consideration or decision of this case.