## STATE v. L. B. COLEMAN.

(Filed 9 November, 1955.)

**Criminal Law § 62f—**

Where defendant appeals from judgment imposing a suspended sentence, and there is no error in the trial, the cause must be remanded for proper judgment, since the suspended sentence cannot stand in the absence of defendant's consent thereto.

Appeal by defendant from *Martin, Special Judge,* May Term, 1955, of Wake.

Criminal prosecution tried upon a warrant charging the defendant with the operation of a motor vehicle on the public roads of North Carolina and on the streets of the City of Raleigh while under the influence of intoxicating liquor.

The jury returned a verdict of guilty and the court sentenced the defendant for a term of four months in the common jail of Wake County, to be assigned to work the roads under the supervision of the State Highway and Public Works Commission, prison sentence to be suspended for a period of two years upon the payment of a fine of $100.00 and costs and the compliance with certain conditions set forth in the judgment.

The defendant appeals, assigning error.

*Attorney-General Rodman and Assistant Attorney-General Bruton for the State.*

*Alphonso Lloyd and Carl E. Gaddy, Jr., for defendant.*

Per Curiam. We have examined the defendant's exceptions and assignments of error directed to the admission of certain evidence. In our opinion no sufficient prejudicial error has been shown to warrant a new trial. Likewise, the defendant's motion for judgment as of nonsuit was properly denied.

However, since the defendant did not consent to the suspension of the sentence entered below, or the conditions imposed, the judgment entered is stricken out and the cause remanded for proper judgment. *S. v. Cole,*

241 N.C. 576, 86 S.E. 2d 203; *S. v. Eason,* 242 N.C. 59, 86 S.E. 2d 774; *S. v. Harvey,* 242 N.C. 111, 86 S.E. 2d 793.

Error and remanded.