STATE v. ERNEST ROOSEVELT ST. CLAIR.

(Filed 1 May, 1957.)

**1. Indictment and Warrant § 12—**

When motion to quash the warrant on the ground that it was issued by a police officer is not made until after plea of not guilty is entered, the motion is addressed to the discretion of the trial court and its exercise of such discretion is not reviewable on appeal.

**2. Indictment and Warrant § 10—**

Where defendant's name appears in the warrant which refers to the affidavit, forming a part thereof, the omission of defendant's name from the affidavit is not a fatal defect. G.S. 15-153. An affidavit form which fails to name the person charged is disapproved.

**3. Statutes § 2—**

Chapter 82, Session Laws of 1945, authorizing certain police officers of a particular municipality to issue warrants, does not relate to the establishment of courts inferior to the Superior Court or to the appointment of justices of the peace, and therefore does not violate the provisions of Article II, Section 29, of the Constitution of North Carolina.

**4. Constitutional Law § 6½—**

A defendant may waive a constitutional right relating to a matter of mere practice or procedure.

5. **Automobiles § 72—**

The evidence in this case, considered in the light most favorable to the State, *is held* sufficient to support a verdict of defendant's guilt of operating a motor vehicle upon a public highway while under the influence of intoxicants. G.S. 20-138.

6. **Criminal Law § 62f—**

Where defendant appeals from a suspended judgment, the judgment will be stricken on appeal for want of defendant's consent, and the cause remanded for proper judgment on the verdict.

APPEAL by defendant from *Preyer, J.,* at August 1956 Term and October 1956 Term, of CABARRUS.

Criminal prosecution upon a warrant issued in the County Recorder's Court of Cabarrus County, North Carolina, as the record and addendum to record on this appeal, show in words and figures the following:

"WARRANT

NORTH CAROLINA,
CABARRUS COUNTY

IN THE COUNTY RECORDER'S COURT
Before C. L. PROPST, JR.
Recorder

The State
v.
Ernest Roosevelt St. Clair

J. L. Coley, being duly sworn, complains and says that on or about the 3rd day of July, 1956, with force and arms, at and in the County aforesaid, did willfully, unlawfully, operate a motor vehicle upon the public highway while under the influence of intoxicants in violation of Section 20-138 of the General Statutes of North Carolina, against the Statute in such cases made and provided against the peace and dignity of the State.

/s/   J. L. Coley      Complainant

"Subscribed and sworn to before me
this 3rd day of July, 1956.

/s/   E. R. McKay   Lt.

"STATE OF NORTH CAROLINA, To the Sheriff or other lawful officer of Cabarrus County, Greetings:

"THESE are to command you forthwith to apprehend the said Ernest R. St. Clair and him have before C. L. Propst, Jr., Recorder, in the County Court House for Cabarrus County on the 9th day of July, 1956, then and there to answer the above complaint and dealt with according to law.

"Given under my hand and seal this 3rd day of July, 1956.

By /s/ E. R. McKay   Lt."

The record and case on appeal show:

1. In the case of State v. Ernest Roosevelt St. Clair defendant gave bond for his personal appearance at a session of the County Recorder's Court to be held in the courthouse of Cabarrus County on 19 July, 1956, "and answer the above charge and not depart the court without leave" etc.

2. The case was tried in Recorder's Court on Thursday, 19 July, 1956. The defendant pleaded not guilty, but was found guilty, and from judgment entered in Recorder's Court defendant gave notice of appeal in open court, and posted bond in the amount of $200.00, and the case was sent up to Superior Court of Cabarrus County.

3. In Superior Court before pleading to the charge contained in the warrant, and before entering upon the trial, defendant appeared in court and through his counsel moved the court to quash the warrant appearing of record for that it was defective on its face, in that it was signed by one E. R. McKay, Lt., a lieutenant of the Police Force of Concord, North Carolina, purporting to act under the provision of 1945 Session Laws of North Carolina, Chapter 82, "for that said Session law is illegal, unconstitutional and void" in that "said Act is contrary to the provisions of the Constitution of North Carolina, Article II, Section 29, and the provisions of N. C. General Statute 15-18." Motion was denied, and defendant excepted.

4. Also in Superior Court the defendant entered a plea of not guilty and was tried at August Term 1956. The jury returned a verdict of guilty, and prayer for judgment was continued until October Term of Superior Court, when judgment was pronounced: That defendant be confined in common jail of Cabarrus County for 4 months, and be assigned to work under the supervision of State Highway and Public Works Commission,—the "sentence suspended on condition that the defendant pay $100.00 and cost; and that he not operate a motor vehicle in the State of North Carolina for twelve (12) months."

Defendant gave notice of appeal, and appeals to Supreme Court and assigns error.

*Attorney-General Patton and Assistant Attorney-General Love for the State.*

*C. M. Llewellyn, Ann Llewellyn Greene, Marshall B. Sherrin, and John R. Boger, Jr., for Defendant Appellant.*

WINBORNE, C. J. The appellant presents on this appeal, in the main, two assignments of error, the first based upon exception one to the denial of his motion to quash the warrant; and the second upon exception two to the denial of his motion for judgment as of nonsuit.

As to the first assignment of error, it does not appear of record that motion to quash was made in the County Recorder's Court where defendant pleaded not guilty and was tried,—the motion being first made in Superior Court, on appeal thereto from judgment of County Recorder's Court. Hence the motion for consideration as a matter of right was not made in apt time. Decisions of this Court are uniform in holding that a motion to quash the warrant or bill of indictment, if made after plea of not guilty is entered, is addressed to the discretion of the trial court. The exercise of such discretion is not reviewable on appeal. *S. v. Gibson,* 221 N.C. 252, 20 S.E. 2d 51, citing *S. v. Jones,* 88 N.C. 672; *S. v. Pace,* 159 N.C. 462, 74 S.E. 1018; *S. v. Beal,* 199 N.C. 278, 154 S.E. 604. See also *S. v. Suddreth,* 223 N.C. 610, 27 S.E. 2d 623.

Moreover, defendant moves in this Court that he be allowed to amend his motion to quash the warrant by showing a further defect therein, to wit: That the affidavit of the complaining witness upon which the order of arrest was based does not allege that defendant operated a motor vehicle while under the influence of intoxicating liquor, but that on the contrary it is not alleged that defendant did anything at all.

In this connection no point was made at the time that the name of defendant is not mentioned in the affidavit upon which the warrant on which defendant stands charged is based, it appears upon the face of the record that his name does appear in the warrant and that the warrant expressly refers to the affidavit.

In *S. v. Poythress,* 174 N.C. 809, 93 S.E. 919, opinion by *Walker, J.,* this Court, speaking of a similar case, had this to say:

"The complaint did not allege any offense against the defendant, as his name was not mentioned therein, but the warrant refers distinctly to the complaint, and, besides, was physically annexed to it. When this is the case, it may supply any omission or deficiency in the former, and if the two, when considered together as parts of the same proceeding, sufficiently inform the defendant of the accusation made against him, nothing else is necessary to be done. We so held in *S. v. Yellowday,* 152 N.C. 793, where it was said: 'The second objection is that the allegations of the complaint or affidavit were not inserted in the warrant; but this is untenable, as the warrant clearly refers to the affidavit and called upon the defendant to answer its allegations. This is all that the law requires in such a case,' citing *S. v. Winslow,* 95 N.C. 649; *S. v. Davis,* 111 N.C. 729; *S. v. Sharp,* 125 N.C. 634; *S. v. Yoder,* 132 N.C. 1113; to which we add *S. v. Sykes,* 104 N.C. 694."

To like effect is *S. v. Sawyer,* 233 N.C. 76, 62 S.E. 2d 515.

Therefore, as stated by this Court in *S. v. Outlaw,* 242 N.C. 220, 87 S.E. 2d 303, in the light of the holding in the case of *S. v. Hammonds,* 241 N.C. 226, 85 S.E. 2d 133, such defect would not be fatal, citing G.S.

15-153. The affidavit and warrant were almost identical in form with those in the instant case.

Even so, this Court again calls attention to what is said in *S. v. Hammonds, supra,* with respect to drafting warrants. Indeed the use of the form of affidavit in which the person to be charged is not named, should be discontinued. Time and costs now expended would be saved, and the administration of justice expedited.

But it is contended that the act, Chapter 82 of 1945 Session Laws entitled "An Act to Permit Certain Police Officers of the City of Concord to Issue Warrants" under authority of which the police lieutenant purported to act, is unconstitutional in that it is violative of Article II, Section 29 of the Constitution of North Carolina, which declares, among other things, not here pertinent, that "the General Assembly shall not pass any local, private, or special act or resolution relating to the establishment of courts inferior to the Superior Court," or "relating to the appointment of justices of the peace." However reference to the act fails to show that it relates to the establishment of courts, or to appointment of justices of the peace. Hence it is apparent that the question of the constitutionality of the act is not properly raised.

Moreover, a defendant may waive a constitutional right relating to a matter of mere practice or procedure. See *S. v. Doughtie,* 238 N.C. 228, 77 S.E. 2d 642, opinion by *Parker, J.*

Now as to the denial of motion for judgment as of nonsuit, the evidence offered on the trial below, as shown in case on appeal, taken in light most favorable to the State, as is done in considering such motion, is sufficient to take the case to the jury, and to support a verdict of guilty of operating a motor vehicle upon public highway while under the influence of intoxicants in violation of G.S. 20-138.

Since it appears that judgment was suspended on conditions stated, and defendant has not consented thereto, the judgment is stricken out, and the cause remanded for proper judgment on verdict returned. *S. v. Harvey,* 242 N.C. 111, 86 S.E. 2d 793; *S. v. Coleman,* 243 N.C. 109, 89 S.E. 2d 791.

Cause remanded for proper judgment.