STATE v. ERNEST ROOSEVELT ST. CLAIR

(Filed 20 November, 1957)

1. Criminal Law §§ 135, 141—

A judgment that defendant pay the costs and a fine in a stipulated amount is a final judgment, and further provision in the judgment that defendant not be convicted of a similar offense for a period of twelve months is merely surplusage.

STATE *v.* ST. CLAIR.

2. **Criminal Law § 169—**

　　Where it appears that on a prior appeal, there was no error in the trial, but through inadvertence the cause was remanded for final judgment when in fact the judgment entered in the superior court, as distinguished from that entered in the recorder's court, was a final judgment, upon subsequent appeal from the judgment entered after remand, that judgment will be stricken and the original judgment of the superior court declared in effect.

APPEAL by defendant from *Rousseau, J.,* at August 1957 Term, of CABARRUS.

Criminal prosecution upon a warrant issued in the County Recorder's Court of Cabarrus County, as the record and addendum to record show, charging defendant with operation of a motor vehicle upon public highway while under the influence of intoxicants in violation of G.S. 20-138.

*Attorney General Patton, Assistant Attorney General Love for the State.*
*Llewellyn & Green, Marshall B. Sherrin, John R. Boger, Jr., for defendant appellant.*

WINBORNE, C. J.: By reference to the opinion on appeal of this case reported in 246 N.C. 183, 97 S.E. 2d, 840, no error was found in the matters to which assignments of error relate. However, in the statement of the case, paragraph 4, on which the opinion was made to rest, the judgment of the Recorder's Court of Cabarrus County as shown in addendum to the record, was inadvertently referred to, instead of the judgment of the Superior Court "that the defendant pay fine of $100 and cost; and that he be not convicted of a similar offense for a period of 12 months," entered at the October 1956 Term,—and pursuant thereto, in the last paragraph of the opinion, the cause was remanded for proper judgment on verdict rendered.

In this connection the Court holds that the judgment of Superior Court that the defendant pay fine of $100 and cost is a final judgment. *S. v. Griffin,* 246 N.C. 680, .............. The super-added provision is merely surplusage. Consequently the order remanding the cause to Superior Court of Cabarrus County for judgment, and the judgment rendered pursuant thereto at the August 1957 Term of Superior Court of said County are hereby stricken out. And the original opinion as amended herein will be, and is upheld.

No error.