## STATE v. JAMES E. HOPSON, JR.

(Filed 22 September, 1965.)

**Criminal Law § 94—**

Defendant objected to cross-examination in regard to his arrest in another state on other charges, asserting that since defendant was not found guilty in such other State of the charges the interrogation was unreasonable. The court stated in overruling the objection that the court thought it just as unreasonable for a man to be sent to jail in such other state for nothing. *Held:* The remark of the court must be held for prejudicial error as reflecting upon the credibility of defendant.

APPEAL by defendant from *Campbell, J.,* May 1965 Session of BUN-COMBE.

Criminal prosecution on warrant charging defendant with larceny of cordwood of the value of $100.00, the property of R. W. Huntly, tried *de novo* in the superior court after defendant's appeal from conviction and judgment in the General County Court of Buncombe County. The jury returned a verdict of "GUILTY OF LARCENY AS CHARGED IN THE WARRANT." Judgment, imposing a sentence of two years, was pronounced. Defendant excepted and appealed.

*Attorney General Bruton, Assistant Attorney General Barbee and Staff Attorney Clement for the State.*
*Riddle & Briggs for defendant appellant.*

PER CURIAM. After conviction in the superior court, defendant moved in arrest of judgment. The court properly overruled defendant's said motion on authority of *S. v. St. Clair,* 246 N.C. 183, 97 S.E. 2d 840, where an undistinguishable factual situation was considered.

Defendant did not move for judgment as of nonsuit. Nor does he now contend the State's evidence was insufficient to support the verdict.

Defendant testified he had purchased from a Mr. Paul Allen the wood identified by the State's evidence as that owned by R. W. Huntly. Whether defendant was a credible witness and his testimony worthy of belief were crucial questions for determination.

On cross-examination, defendant admitted he had been in prison in Florida, but testified he was not guilty of anything, did not plead guilty and was not convicted. Immediately thereafter, according to the record, the following occurred:

"Q. How long did you stay in prison for not doing anything?
OBJECTION — OVERRULED.

"A. I don't know how to explain it, but I had a re-trial and they turned me loose.

EXCEPTION #10.

"Q. I'll ask you if you didn't have guns and rings and watches that you'd stolen up here in Buncombe County when you were arrested down there in Florida?

"MR. REAGAN: I think it's unreasonable, the man wasn't found guilty and I think it's unreasonable.

"THE COURT: Well, Mr. Reagan, I think it's just as unreasonable for a man to be sent to jail or prison in Florida for nothing. And I am going to permit the witness to answer the questions that are asked of him.

OVERRULED — EXCEPTION #11."

The question concerning "guns and rings and watches" was not repeated. The cross-examination proceeded to other matters. Mr. Reagan was defendant's trial counsel.

While not so intended, we think it probable the jury understood the court's (quoted) comment as an expression of opinion that defendant's testimony concerning his Florida imprisonment was incredible and therefore defendant should not be considered a credible witness. So considered, the court's inadvertent comment was a violation of G.S. 1-180 and numerous decisions of this Court. "A trial judge in this jurisdiction is not permitted to cast doubt upon the testimony of a witness or to impeach his credibility." *S. v. Smith,* 240 N.C. 99, 102, 81 S.E. 2d 263; 1 Strong, N. C. Index, Criminal Law § 94.

For the error indicated, defendant is entitled to a new trial.

New trial.