STATE OF NORTH CAROLINA v. GEORGE WASHINGTON GOODMAN.

(Filed 9 March 1966.)

**1. Parent and Child § 8—**

A warrant charging defendant with wilful refusal and neglect to provide adequate support for his minor children, naming them, is sufficient to charge one of the offenses proscribed by G.S. 14-322 under the 1957 amendment to the statute.

**2. Same—**

The State's evidence tending to show that defendant had not worked and was drunk every day since his release from prison, and had not provided any support for his minor children, is sufficient to be submitted to the jury on the charge of wilful failure to support, notwithstanding defendant's evidence that he had worked and had given his wife the major portion of his earnings for the support of the children.

**3. Assault and Battery § 14—**

The State's evidence tending to show that defendant, without provocation, struck his wife with his fist and then took an alcohol bottle and beat her with it, *held* sufficient to be submitted to the jury on the charge of assault, notwithstanding defendant's evidence that his only act was to disarm his wife who had attacked him with a knife.

**4. Assault and Battery § 17—**

Where a male defendant testifies that he is over 18 years old and the verdict of the jury is that he is guilty of an assault on a female, he being a male over 18 years of age, supports punishment for a general misdemeanor, notwithstanding the failure of the warrant to charge that defendant is a male person over 18 years of age.

MOORE, J., not sitting.

ON *certiorari* from *Morris, J.,* August 1965 Session of NEW HANOVER.

Criminal prosecution on two warrants, one warrant numbered 8993 charging defendant on 31 July 1965 with unlawfully and wilfully neglecting and refusing to provide adequate support for his children, Robert Lee Goodman, age 12, Carolyn Jean Goodman,

age 11, and Alanda Goodman, age 6, a violation of G.S. 14-322, and the other warrant numbered 8910 charging defendant on 16 June 1965 with unlawfully and wilfully assaulting Mattie Goodman with a deadly weapon, to wit, an alcohol bottle, and by beating her with his fists about the head and face, heard *de novo* on appeal from a conviction and judgment on each warrant in the recorder's court of New Hanover County.

In the superior court defendant was represented by W. G. Smith, a member of the New Hanover County Bar, who was apparently employed by defendant. By consent of defendant and the State the two cases were consolidated for trial. Plea: Not guilty. Verdict: On the warrant charging wilful neglect and refusal to provide adequate support for his children, guilty; on the warrant charging assault and battery, not guilty as to assault with a deadly weapon, but "guilty to assault on a female, he being a male over the age of 18 years."

The judgment of the court was that defendant be imprisoned for 18 months on the verdict of guilty on the charge set forth in warrant numbered 8993, and the judgment of the court was that defendant be imprisoned for 12 months on the verdict of guilty of assault on a female, he being a male over 18 years of age, this sentence to begin at the expiration of the sentence imposed in warrant numbered 8993.

From the judgments of imprisonment defendant appealed in open court to the Supreme Court. During the August Session, to wit, on 12 August 1965, the court, upon motion of W. G. Smith, allowed him to withdraw as counsel of record for defendant.

On 27 August 1965 defendant by his attorney R. M. Kermon filed in this Court a petition for a writ of *certiorari* in which it is alleged in substance that defendant on 23 August 1965 employed R. M. Kermon, a member of the New Hanover County Bar, to perfect his appeal in the instant case to the Supreme Court; that defendant on 17 August 1965 paid the court reporter to prepare for him a trial transcript of the evidence and the court's charge, but the court reporter by reason of prior commitments has been unable to prepare the trial transcript; that appeals from the Fifth Judicial District (New Hanover County is in the Fifth Judicial District) must be docketed in the Supreme Court by 10 a.m. Tuesday, 24 August 1965; and he prays that this Court allow his petition for a writ of *certiorari* to docket his appeal at a later date. Defendant's attorney apparently was unaware of Rule 5, Rules of Practice in the Supreme Court, 254 N.C. 783, 787, which provides that the appeal in the instant case could be docketed in the Supreme Court within 60 days from the last day of the August 1965 Session at

which it was tried. The Attorney General did not oppose defendant's petition for a writ of *certiorari*. This Court in conference on 7 September 1965 allowed defendant's petition for a writ of *certiorari* and ordered the appeal in the instant case to be heard at the end of the call of appeals from the Eleventh and Nineteenth Districts, on Tuesday, 9 November 1965, and succeeding days.

On 12 October 1965 defendant filed a motion to extend the time for docketing his appeal in the Supreme Court upon the ground that due to the delay of the court reporter in furnishing him with a trial transcript that he had been unable to meet with the solicitor of the district to settle the case on appeal in time for it to be docketed so that it could be heard at the end of the call of appeals from the Eleventh and Nineteenth Districts, and he prayed that this Court continue the case to the Spring Term of the Supreme Court. This Court in conference on 13 October 1965 allowed defendant's motion and the case was set for argument and was heard at the Spring Term 1966 when appeals from the Fifth District were called, to wit, Tuesday, 1 March 1966, and succeeding days.

*Attorney General T. W. Bruton and Assistant Attorney General James F. Bullock for the State.*
*R. M. Kermon for defendant appellant.*

PARKER, C.J. The General Assembly at its Regular 1957 Session, Chapter 369, 1957 Session Laws, rewrote G.S. 14-322 to read as follows:

> "If any husband shall wilfully abandon his wife without providing her with adequate support or if any father or mother shall wilfully neglect or refuse to provide adequate support for his or her child or children, whether natural or adopted, whether or not he or she abandons said child or children, he or she shall be guilty of a misdemeanor; and such wilful neglect or refusal shall constitute a continuing offense and shall not be barred by any statute of limitations until the youngest living child shall arrive at the age of eighteen (18) years."

It is manifest that a wilful neglect or refusal by a father or mother to provide adequate support for his or her child or children, whether natural or adopted, is now an offense under the present G.S. 14-322, whether or not the child or children has or have been abandoned by the father or mother. Consequently, the warrant in the instant case alleging the wilful refusal and neglect of defendant to provide adequate support for his three children named therein of the ages of 12, 11, and 6 is sufficient. The 1957 rewriting of G.S.

14-322 would change the result in *S. v. Lucas*, 242 N.C. 84, 86 S.E. 2d 770; *S. v. Outlaw*, 242 N.C. 220, 87 S.E. 2d 303; and *S. v. Smith*, 241 N.C. 301, 84 S.E. 2d 913, which were decided in 1954 and 1955, insofar as they apply to the offense against children.

The State's evidence tends to show the following facts: Mattie Goodman and defendant were married in 1948. (Defendant, testifying in his own behalf, says they were married in 1958.) Defendant is the father of Robert Lee Goodman, age 12, Carolyn Jean Goodman, age 11, and Alanda Goodman, age 6, begotten by him upon the body of Maggie Goodman. In May 1965 defendant returned to his home in Wilmington after serving a prison sentence in the State's prison. From then until the taking out of the warrant against him for nonsupport of his children on 31 July 1965, he has provided no food, no money, and no support at all for his three children. He has not worked, and was drunk every day. His children have been supported by payments from the Welfare Department. When defendant first returned to his home from prison, he lived with his wife and his children, but then moved to another place in Wilmington. On the night of 16 June 1965 he and Mattie Goodman were living in the same house, and on that night defendant beat her on the face, head, and body with his fists, and then took an alcohol bottle off the dresser and beat her on the body with it. She did nothing to provoke the attack, and was in bed at the time.

Defendant's evidence is to this effect: He is 42 years old. Since his release from prison on 29 May 1965 he has run a chain saw in the pulpwood and lumber business and makes about $45 a week. From his earnings he has given his wife $35 a week for her support and for the support of his three children. On the night that his wife charged him with assaulting her, she took a knife for cleaning fish, about six or eight inches long, out of a top drawer at the top of the bed, and he knocked it out of her hand before she opened it. He did not hit her with his fists or hit her with any bottle. At that time the nonsupport warrant had not been taken out against him.

Defendant assigns as error the denial by the court of his motion "for a judgment of not guilty" on both warrants, made at the close of all the evidence. The State's evidence was sufficient to carry the case to the jury on both warrants, and the court properly overruled defendant's motion "for a judgment of not guilty."

Defendant's assignments of error as to a statement made by counsel for the private prosecution, and as to a statement made by the court and as to the charge of the court are all entirely without merit, and require no discussion.

The warrant charging the assault and battery on Mattie Goodman does not allege that defendant is a male person over 18 years

of age. However, defendant testifying in the case as a witness for himself said: "I am 42 years old." The verdict in the assault case was: "Guilty to assault on a female, he being a male over the age of 18 years." Defendant's admission as to his age and the verdict warrant punishment as for a general misdemeanor. *S. v. Courtney,* 248 N.C. 447, 103 S.E. 2d 861; *S. v. Smith,* 157 N.C. 578, 72 S.E. 853.

In the trial below we find no error sufficiently prejudicial to disturb the verdict and judgments below.

No error.

MOORE, J., not sitting.