STATE OF NORTH CAROLINA v. GARLAND BIGELOW

No. 7315SC680

(Filed 10 October 1973)

1. Indictment and Warrant § 14— appeal to superior court — motion to quash warrant — discretion of court

   A superior court judge has the discretion to determine whether he will entertain a motion to quash the warrant made for the first time in the superior court on appeal from the district court.

2. Indictment and Warrant § 6— arrest warrant — probable cause — showing on warrant not necessary

   There is no requirement that an arrest warrant contain a "complaint" setting out information sufficient to show that there is probable cause for issuance of the warrant, it being required only that sufficient facts be presented to the magistrate to establish probable cause for issuance of the warrant.

3. Automobiles § 3— driving while license suspended — warrant — reference to "highway"

   Warrant charging defendant with operating a motor vehicle while his license was suspended was not fatally defective in alleging that he operated the vehicle on a "highway" rather than alleging that he operated the vehicle on a "highway of the State" or on a "public highway." G.S. 20-28(a).

APPEAL by defendant from *Bailey, Judge,* 30 April 1973 Criminal Session of Superior Court held in ALAMANCE County.

Defendant was convicted in the District Court of operating a motor vehicle upon a highway while his operator's license had been revoked, third offense. Upon appeal to the Superior Court, he made motions to quash the arrest warrant on the grounds that the warrant failed to allege that the violation had occurred on a public highway and that the complaint for arrest was made on information and belief without setting forth the facts upon which the information and belief were based. The motions were denied and defendant entered a plea of not guilty.

The State's evidence indicated the following. On 19 July 1972, while he was patrolling a public highway in Alamance County, Deputy Sheriff Totten met a 1966 Chevelle Chevrolet operated by defendant. Totten had known defendant for five years and was aware that defendant owned a 1966 Chevelle. Totten explained that the car attracted his attention as it approached because he had an outstanding warrant to be served on defendant and was on his way to talk to him about it. Totten

knew defendant's car was damaged on the left side as was the approaching vehicle. He was also familiar with defendant's driving style. After he recognized defendant, Totten turned around and began pursuit. Three or four minutes later, he came upon the scene of a wreck and saw the 1966 Chevelle but did not see defendant or anyone else near the car.

Graham Police Officer Raymond Pardue investigated the accident, and Totten told him that he had seen defendant operating the Chevelle just prior to the accident. During the course of his investigation, Officer Pardue learned that defendant's operator's license had been revoked, and as a result, he secured a warrant for defendant's arrest. In applying for the warrant, Pardue, under oath, "told the Magistrate that Officer Totten as best I can remember had caught him [defendant] driving the car and in my investigation I found that he did not have a driver's license."

Defendant offered no evidence.

The jury returned a verdict of guilty, and from a judgment imposing an active prison sentence of one year, defendant appealed.

*Attorney General Robert Morgan by Raymond W. Dew, Jr., Assistant Attorney General for the State.*

*Vernon, Vernon & Wooten by Wiley P. Wooten for defendant appellant.*

VAUGHN, Judge.

[1, 2] Defendant moved to quash the warrant for the first time after appeal to the Superior Court. The trial court may in its discretion decide whether a motion to quash should be entertained under such circumstances. *State v. Matthews,* 270 N.C. 35, 153 S.E. 2d 791; *State v. St. Clair,* 246 N.C. 183, 97 S.E. 2d 840. The exercise of that discretion is not ordinarily reviewable on appeal. *State v. Matthews, supra; State v. St. Clair, supra.* In the instant case, the court elected to rule on the motion and denied the same. Defendant's motion was that "the Complaint for Arrest be quashed on the grounds that said Complaint was issued upon information and belief without setting forth any grounds upon which the information or belief was based." The only question raised by the denial of the motion is whether an arrest warrant must contain a "complaint" in which there is set

State v. Bigelow

out information sufficient to show that there is probable cause for the issuance of the warrant. There is no such requirement in this State. Before issuing an arrest warrant, the Magistrate must examine the complainant and any witnesses produced by the complainant under oath. G.S. 15-19. If it appears that a criminal offense has been committed the Magistrate shall issue a warrant "reciting the accusation, and commanding the officer . . . to take the person accused of having committed the offense, and bring him before a masistrate, to be dealt with according to law." G.S. 15-20. There is no requirement that the evidence given the Magistrate be transcribed or set out in a "complaint."

Although defendant's motion, as made, did not raise the question of whether there were sufficient facts before the Magistrate to establish probable cause for the issuance of the warrant for defendant's arrest, the record discloses that such was the case.

[3]   Defendant also contends that the arrest warrant was fatally defective in that it contained the term "highway" whereas G.S. 20-28(a) refers to "highways of the State." It is not necessary to charge in the precise words of a statute. Under G.S. 15-153 every criminal proceeding by warrent is sufficient for all intents and purposes if it expresses the charge in a plain, intelligible and explicit manner. Webster's Third New International Dictionary (1968) defines "highway" as a "road or way on land or water that is open to public use as a matter of right." The term "highway" encompasses "highway of the State" or "public highway." We conclude the warrant is definite enough to ". . . (1) identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy. . .; (3) to enable the accused to prepare for trial, and (4) to enable the court, on conviction . . . to pronounce sentence. . . ." *State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897, *cert. den.,* 403 U.S. 940, 29 L.Ed. 2d 719, *quoting State v. Greer,* 238 N.C. 325, 77 S.E. 2d 917.

We find no prejudicial error in the trial from which defendant appealed.

Affirmed.

Judges CAMPBELL and MORRIS concur.